JOHNSON v. THE STATE.

The testimony of one accomplice not sufficient to corroborate the testimony of another accomplice.
A prisoner should not be found guilty on the testimony of two accomplices unless confirmed by some other testimony.

## Error to Dubuque District Court.

*Opinion by* KINNEY, J. Indictment for larceny and conviction.

On the trial Price, an accomplice, testified in behalf of the state. In confirmation of this testimony, his wife who was *particeps criminis*, also gave testimony upon which Johnson was convicted. The ruling of the court permitting the testimony of the accomplice to be corroborated by the wife, and refusing a new trial, are assigned for error.

In the case of *Ray* v. *The State*, 1, G. Greene, 316, this court decided that a conviction could not take place upon the uncorroborated testimony of an accomplice. This we believe to be the settled doctrine of the books. Can one accomplice be corroborated by an other accomplice? If so, then upon the testimony of *accomplices*, uncorroborated, persons can be convicted. It is just as necessary that the corroborating witness should be strengthened and confirmed, as that the principal one should be, and however abundant this kind of testimony, the accomplice first called is still uncorroborated, and his testimony entitled to no credit. The law regards accomplices in cases of felony when called to testify, as impeached witnesses, and hence their testimony is of no effect, unless confirmed by other testimony. As one impeached witness cannot support the testimony of a witness previously impeached, it follows that one accomplice cannot be a witness to corroborate the testimony of an other accomplice in the same crime.

That Mrs. Price was equally guilty with her husband, we think is clearly established by her own statements under oath. She was present when Hunt, Arnold, Johnson and Price agreed to go to Paisley's for the purpose of robbing him. She participated in the conversation. She was present when they returned with their felonious booty, and when the money was divided, received herself the share which fell to her husband, and concealed it for safe keeping. Persons so destitute of moral character as both these witnesses, would not hesitate, if actuated by feeling or interest, to add the crime of perjury to acknowledged guilt. The law ever suspicious of testimony so foul, from a source so corrupt, has wisely said that it requires confirmation to entitle it to credit and belief. Johnson having been convicted upon such testimony, the judgment cannot stand.

Judgment reversed.

*P. Smith* and *O. F. Stevens*, for plaintiff in error.

*D. S. Wilson*, for the state.