THE STATE v. GRAFF.

1. **Criminal Law**: TESTIMONY OF ACCOMPLICE: CORROBORATION. The testimony of a witness to the effect that he found the defendant in a barn where an alleged accomplice had sworn that the property charged to have been stolen was concealed, was *held* not to corroborate the testimony of the accomplice implicating the defendant in the crime.

*Appeal from Dubuque District Court.*

TUESDAY, DECEMBER 11.

THE defendant was convicted and sentenced for the crime of burglary, and now appeals to this court.

*Pollock & Shields*, for appellant.

*J. F. McJunkin, Attorney General*, for the State.

ADAMS, J. The State introduced as a witness one Lang, who testified that he and the defendant together entered the house in question in the night and took a musket and some cigars and deposited them in the manger of a barn belonging to the defendant's father. To corroborate the testimony of the accomplice, Lang, the State introduced one Deckart, city marshal of Dubuque, where the burglary took place, who testified as follows:

"I found the musket and cigars in Graff's stable. They

were covered up with hay. The defendant and his father were in the stable when I found the things. The defendant lived with his father. The defendant did not appear to be doing anything in the stable."

In our opinion the testimony of Deckart did not corroborate the testimony of the accomplice. It did not, we think, tend to prove the crime with which the defendant was charged. The stolen goods were not found in his possession nor upon his premises. His presence in the barn doing nothing when the goods were discovered is not a circumstance against him. The defendant is a boy. Whether employed or unemployed he was where he might as naturally be expected to be as anywhere else. Nor do we see anything in the fact that he was there when the marshal was searching for the property. In our opinion his presence is quite as consistent with his innocence as his absence would be. The testimony of the witness being uncorroborated, it follows that the verdict was contrary to the evidence, and the judgment must be

REVERSED.