Raymond Earl SHEER, Appellant,

v.

UNITED STATES of America, Appellee.

No. 26169

Summary Calendar.

United States Court of Appeals
Fifth Circuit.

Aug. 7, 1969.

Certiorari Denied Nov. 24, 1969.
See 90 S.Ct. 387.

Nicholas J. Capuano, Miami, Fla., Court appointed, for appellant.

William A. Meadows, Jr., U. S. Atty., Lloyd G. Bates, Jr., Asst. U. S. Atty., Miami, Fla., by Robert L. Steuer, Asst. U. S. Atty., Miami, Fla., for appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

GEWIN, Circuit Judge:

The appellant, Raymond Earl Sheer, was tried and convicted in the district court, without a jury, on an indictment charging that he and a codefendant forceably broke into a United States Post Office at Opa Locka, Florida with intent to commit larceny, a violation of 18 U.S.C. § 2115 (1964). We affirm the judgment of conviction.[1]

During the course of the trial, the court ruled that its pretrial discovery and inspection order had not been violated by the Government. The question with respect to the discovery and inspection order arose when a postal inspector testified to certain incriminating oral statements made by the appellant. While admitting that the discovery order related only to "written or recorded statements", appellant's defense counsel felt that he should have been advised of the statements about which the inspector testified. In its ruling the court pointed out that the discovery order was granted over three months before the trial. The court considered the statements by the appellant to be oral and pointed out that defense counsel had made no effort to obtain any information from the Government under the discovery order prior to trial. Moreover, the court noted that it had raised the matter of compliance with the order at the beginning of the trial and that there was no contention that the Government had failed to comply with the order. This ruling is assigned as error. The pretrial discovery and inspection order was summary in form, simply granting the appellant's motion.[2] In the motion

---

1. Pursuant to new Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. *See* Murphy v. Houma Well Service, 409 F.2d 804, Part I (5th Cir. 1969).

2. The motion for discovery and inspection was made prior to July 1, 1966, the effective date of new Rule 16, Fed.R.Crim. P., but the order granting the motion was made subsequent to July 1, 1966.

the appellant requested that the Government

> allow the Defendant by and through his * * * counsel, to inspect and copy or photograph:
>
> 1. Any written or recorded statements or confessions made by the Defendant, or copies thereof, within the possession, custody, or control of the Government * * *.

At the commencement of the trial, the court inquired as to whether discovery matters had been settled. The prosecutor replied:

> An order was entered previously, I believe by Judge Mehrtens, as to the discovery and the bill of particulars. I think we have complied and we are now announcing ready and we will make available for inspection any evidence. No one has asked us to produce anything or inspect any evidence.

The court stated:

> I assume counsel for the defendant is satisfied with the state of the pleadings and discovery at this point.

There was no response from defense' counsel and the trial proceeded.

The Government's case included the testimony of a postal inspector who testified that, during an interview with the appellant shortly after his arrest, the appellant confessed his guilt and described in detail the manner in which he and his partner had entered the post office. The appellant refused to sign a written statement; consequently, the inspector made notes during the interview which he later used in the preparation of a report to the United States Attorney. The inspector testified that, upon completing the report, he destroyed the notes. The inspector's testimony prompted a complaint by defense counsel that the Government had not advised him of this confession and that, by failing to do so, it had violated the court's discovery and inspection order. As stated, the court disagreed with appellant's contention.

■ The court's ruling was not an abuse of its discretion. Without deciding whether the appellant's confession was a "written or recorded statement" subject to the discovery and inspection order, we think it is clear that the Government was not required by the order to produce any materials until requested to do so by defense counsel. The order merely gave defense counsel permission to inspect, copy or photograph the materials. Since he made no request, the Government's obligation to make available materials covered by the order never arose.

■ Moreover, we are convinced that, in any event, the court's ruling did not prejudice the appellant because the evidence of his guilt was overwhelming.[3] Two police officers testified that they apprehended the appellant and his partner, with burglary tools, inside the post office at a predawn hour, after the driver of a postal delivery truck reported hearing noises emanating from the locked building. This testimony was unrefuted. The appellant called no witnesses and offered no evidence except through cross-examination.

■ The appellant also contends that his confession was improperly admitted into evidence because he was never given the warnings prescribed by Miranda v. Arizona.[4] The record does not sustain this contention. The postal inspector testified that he preceded his questioning of the appellant by advising him of his rights. Although the appellant was arrested and questioned prior to the Miranda decision, the warnings given by the inspector were substantially the same as those articulated in that decision.[5]

---

3. See Menendez v. United States, 393 F.2d 312, 318 (5th Cir. 1968).

4. 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

5. The appellant was entitled to the Miranda warnings because the trial of his case began after the date of the Miranda decision. Johnson v. New Jersey, 384 U.S. 719, 721, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966).

■■ Finally, the appellant contends that the court erred in admitting evidence of his confession without first making a determination that the confession was voluntarily given. That the trial court, hearing the case without a jury, made such a determination is apparent from the fact that the court admitted the confession into evidence. The appellant asserts that there is nothing in the record to indicate that, in making this determination, the court followed the procedure set out by Congress in the Omnibus Crime Control and Safe Streets Act of 1968.[6] The appellant's trial was in October 1966. The relevant statutory provision has no application to this case since it is not to be applied retroactively.[7]

The judgment of conviction is affirmed.

---

6. 18 U.S.C. § 3501.

7. *See* United States v. Barber, 291 F.Supp. 38, 41 (D.Neb.1968).