**STATE of Iowa, Appellee,**

v.

**Kenneth VESEY, Appellant.**

No. 58806.

Supreme Court of Iowa.

May 19, 1976.

Morris & Morris, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., John W. Criswell, County Atty., for appellee.

Submitted to REYNOLDSON, Acting C. J., and LeGRAND, REES, UHLENHOPP and McCORMICK, JJ.

McCORMICK, Justice.

Defendant appeals his conviction and sentence for breaking and entering in violation of § 708.8, The Code. The sole question is whether the jury could find the testimony of an alleged accomplice was corroborated. We reverse because we do not find requisite corroborative evidence.

Defendant was charged with breaking and entering a Superamerica gas station in Indianola in the early morning of April 2, 1975. The State's theory was that he aided and abetted Michael Edward Webb by acting as a lookout during the break-in. No issue is raised regarding the *corpus delicti* of the offense. The station was broken into at sometime between 2:00 a. m. and 3:00 a. m. on the morning involved, and a quantity of food and cash was taken.

The State relied on testimony of Webb and Janice Keeney to prove defendant's complicity in the offense. Webb resided with Keeney. Her home was located across an alley from the Superamerica station. A Sinclair station was located across the street.

Webb testified that he and defendant were good friends. They started drinking together about noon on April 1, 1975, at an Indianola tavern called "Wrongdaddy's". They remained in the tavern drinking until about 1:45 a. m. April 2. Then they went to another tavern called "Tomcat's" where they remained until it closed about 2:00 a. m. Webb testified they then walked toward the Keeney home through the alley which separated it from the Superamerica station. He said they were both intoxicated and used the alley to avoid being seen.

Webb then testified, "I said something about I was going to break into some place or something," to which defendant responded, "No, we are in enough trouble." He said he then started across the street to the Sinclair station. He testified defendant started to cross the street with him but turned back saying, "I am not doing anything, because I am in enough trouble now." Webb said defendant got into Keeney's car which was parked in the alley next to her house and remained there. Both gas stations would be visible from the car.

Webb testified he entered the Sinclair station after breaking a window and cutting his fist, but he asserted he took nothing from it. After that he said he walked back across the street, kicked in a front window of the Superamerica station, entered it, and took some weiners, lunch meat, a half carton of milk, eight or nine packs of

cigarettes, some rolls of coins and some currency.

He estimated the entire episode took fifteen or twenty minutes. He said he then walked to Keeney's house and found defendant sitting in the car asleep. He said he put the food down on the ground while he woke defendant, then knocked on the door and rang the door bell. Keeney let them in the house. Webb said defendant immediately lay down on a bed and fell asleep. Webb said he went back outside, got the food, put it in the refrigerator, and then fell asleep on the sofa.

He testified the only contact defendant had with any of the stolen articles occurred when defendant asked him the next morning if he had any cigarettes and Webb gave him one or two packs, which may have been taken in the break-in. They were a brand Webb regularly smoked, and Webb did not tell defendant he had stolen them.

Janice Keeney testified she was asleep when awakened by the door bell at about 3:00 a. m. She said she admitted the men without talking to them, observed they had been drinking, and went back to bed. Hearing Webb in the kitchen, she got up to tell him to be quiet. Before returning to bed, she saw defendant in another bed. Webb gave her a pack of cigarettes the next morning. Later she gave defendant and Webb a ride to a local tavern on her way to work. She noticed the seat in the car had been moved back, and defendant told her he had moved it in order to lie down on the seat. She said she knew nothing of the break-in and did not see the extra food in her refrigerator until late that afternoon.

Defendant testified in his own behalf. Although he acknowledged he had been with Webb, he said he refused to participate in any break-in, sat in Keeney's car and fell asleep. He said the car was parked facing north toward Keeney's garage. The Sinclair station was across the street to the south, and the Superamerica station was across the alley to the east. He denied observing or participating in any way in the break-ins.

Defendant challenged the sufficiency of corroborative evidence by motion for directed verdict made at the conclusion of all the evidence. His motion was overruled. The case was submitted to the jury, and the jury found defendant guilty. Defendant assigns the overruling of his motion for directed verdict as error.

The State contends Webb's testimony was sufficiently corroborated by the testimony of Keeney and defendant to justify submission of the case to the jury.

 The corroboration requirement is found in § 782.5, The Code.

"A conviction cannot be had upon the testimony of an accomplice, unless corroborated by other evidence which shall tend to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof."

Application of this statute involves several well-settled general principles. The existence of corroborative evidence is a question of law for the court, but its sufficiency is ordinarily a question of fact for the jury. It need not be strong. Any corroborative evidence which tends to connect the accused with the commission of the crime and thereby supports the credibility of the accomplice is sufficient. Such evidence may be direct or circumstantial. It must be inculpatory but need not be entirely inconsistent with innocence. Each case must be judged on its own facts. *State v. Nepple*, 211 N.W.2d 330, 331–332 (Iowa 1973), and citations.

 Whether evidence is corroborative depends on whether it supports some material part of the accomplice's testimony. It need not go to the whole of the accomplice's testimony or every material fact. The statutory requirement is met if it can fairly be said the accomplice is corroborated in some material fact tending to connect the defendant with the commission of the crime. *State v. Bizzett*, 212 N.W.2d 466, 468 (Iowa 1973).

In the present case, Keeney and defendant's testimony tended to confirm Webb's

testimony that Webb and defendant came to Keeney's home in an intoxicated condition after the break-in at about 3:00 a. m. and that defendant had slept in Keeney's car. The issue is whether this evidence corroborated a material fact in Webb's testimony tending to connect defendant with the crime.

■ In order to convict defendant of the break-in on a theory of aiding and abetting, it was incumbent upon the State to show he assented to or lent countenance and approval to Webb's criminal act either by active participation in it or by some manner encouraging it prior to or at the time of its commission. Knowledge is essential, but neither knowledge nor mere proximity to the scene of the crime is sufficient in itself to prove aiding and abetting. When circumstantial evidence is relied on, it must be sufficient for the jury to say it excludes any rational hypothesis of innocence. *State v. Barnes*, 204 N.W.2d 827, 828–829 (Iowa 1972).

■ No issue is raised here challenging the sufficiency of Webb's testimony to implicate defendant in the offense. We do not have that issue to decide. Nevertheless, Webb's testimony that he and defendant were intoxicated, that defendant refused to participate in the break-ins and stayed in the Keeney automobile in the alley adjacent to the Keeney home while he broke into the gas stations, and that he and defendant later entered the Keeney home together, was not inculpatory of defendant. That part of Webb's testimony was entirely consistent with defendant's innocence. Corroboration of testimony which is not inculpatory is not corroboration of a material fact tending to connect the accused with the crime. *Ray v. State*, 1 G. Greene (Iowa) 316 (1848); 3 Jones on Evidence § 20.60 at 738 (Sixth Ed. 1972).

■ Corroborative evidence is insufficient if it merely supports accomplice testimony tending to show a defendant's opportunity to commit a crime. *State v. O'Meara*, 190 Iowa 613, 622, 177 N.W. 563, 568 (1920). Moreover, it must support testimony raising more than a suspicion of the defendant's guilt. *State v. Huntington*, 248 Iowa 430, 435, 80 N.W.2d 744, 747 (1957); 1 Underhill's Criminal Evidence § 185 at 552 (Sixth Ed. 1973).

This case is unlike *State v. Horstman*, 222 N.W.2d 427 (Iowa 1974), *State v. Bizzett, State v. Nepple*, supra, and *State v. Gray*, 199 N.W.2d 57 (Iowa 1972), and other cases relied on by the State, in each of which inculpatory facts in testimony of an accomplice or accomplices were corroborated by evidence showing the defendant's association with the accomplice or accomplices, proximity to the crime scene and additional suspicious circumstances suggestive of the defendant's participation in the offense. This case is more like *State v. Pauley*, 210 Iowa 192, 230 N.W. 555 (1930), *State v. Duncan*, 158 Iowa 652, 138 N.W. 913 (1912), and *State v. Graff*, 47 Iowa 384 (1877), where requisite corroboration was lacking.

■ In the present case the corroborative evidence could rise no higher than the accomplice testimony it tended to support. Like that testimony, it did not rise above the level of suspicion. It cannot fairly be said Webb's testimony was corroborated in a material fact tending to connect the defendant with the commission of the crime. The corroborative evidence was insufficient to permit submission of the case to the jury.

The trial court erred in overruling defendant's motion for directed verdict on this ground.

The case is reversed and remanded for entry of judgment dismissing the charge against defendant.

REVERSED AND REMANDED WITH INSTRUCTIONS.