**STATE of Iowa, Appellee,**

v.

**James HENDERSON, Appellant.**

**No. 60337.**

Supreme Court of Iowa.

Dec. 20, 1978.

Allen, Babich & Bennett, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., J. Susan Carney, Asst. Atty. Gen., and David H. Correll, Black Hawk County Atty., for appellee.

UHLENHOPP, Justice.

On July 28, 1978, we affirmed the first-degree murder conviction of defendant James Henderson. *State v. Henderson,* 268 N.W.2d 173 (Iowa). Defendant thereupon petitioned for rehearing.

At the time Robert Streeter was killed Officer Dennis R. Damon interviewed witness Dennis Mikkelson twice, once on the morning of the homicide, Sunday, September 5, 1976, and again on the night of Monday, September 6, 1976. Damon made a police report each time. Before trial, various reports were submitted to defense counsel for examination.

From the record submitted to us originally, we concluded that defense counsel saw all the Damon reports on Mikkelson which exist. From documents submitted to us on the petition for rehearing, however, we learn that defense counsel did not see the second Damon report, which relates to the interview of Mikkelson on the night of Monday, September 6, 1976.

I. The record thus *does* present a Jencks-type problem. Defendant contends that the report of the second Mikkelson interview should have been produced. He argues along the lines of such decisions as *State v. Jacoby,* 260 N.W.2d 828 (Iowa); *State v. Hall,* 235 N.W.2d 702 (Iowa), reh. den. 249 N.W.2d 843 (Iowa), cert. den. 434 U.S. 822, 98 S.Ct. 66, 54 L.Ed.2d 79; *State v. Thornburgh,* 220 N.W.2d 579 (Iowa); *State v. Walker,* 218 N.W.2d 915 (Iowa); and *State v. Deanda,* 218 N.W.2d 649 (Iowa), overruled on other grounds, *State v. Monroe,* 236 N.W.2d 24 (Iowa). See also Anno. 7 A.L.R.3d 181.

We need not determine whether the trial court erred in refusing to require the State to produce the second report. Assuming arguendo the court erred, another principle of law controls the result.

II. This is not a case in which an issue existed as to corpus delicti or the identity of the assailant or the homicide of the victim by the defendant. The State established beyond peradventure that Streeter died almost immediately of a gunshot wound on the occasion in question. Defense counsel candidly stated at trial that defendant was present and fired the shot which killed Streeter. Defendant endeavored to show by several expert witnesses that the bullet ricocheted off some object and struck Streeter.

We have examined the testimony given at the depositions, the pretrial hearing, and the trial. We have also examined both of Damon's reports of his Mikkelson interviews, of which defense counsel had the first one. The State thoroughly examined Mikkelson at trial, and defense counsel

thoroughly examined Mikkelson before and at trial. Both sides prepared and tried the case carefully.

The testimony given before and at trial fully covered the matters in both Damon reports. Mikkelson was consistent in his statements. Indeed the second report started with the statement, "Mikkelson went over the story again and told the same story as previously." Most of the report dealt with facts which defense counsel admitted at trial.

From our examination of the record, a reversal of this judgment because of the claimed error would be an exercise in futility; the defense was apprised of everything the second report would have told them. Defendant suffered no harm as a result of the trial court's ruling.

We appreciate that a defendant and his counsel are ordinarily the ones to say whether given material is useful to the defense. *Goldberg v. United States,* 425 U.S. 94, 96 S.Ct. 1338, 47 L.Ed.2d 603 n. 21; cf. *Campbell v. United States,* 373 U.S. 487, 83 S.Ct. 1356, 10 L.Ed.2d 501 n. 14. But if a defendant could assert this principle although the record demonstrates the ruling was utterly without prejudice to him, he could repeal another principle that error which does not cause harm does not bring about a reversal. The latter principle is, however, viable in Jencks' situations when supported by the record. *Rosenberg v. United States,* 360 U.S. 367, 370–371, 79 S.Ct. 1231, 1234, 3 L.Ed.2d 1304, 1307 (holding failure to require production of letter was "empty of consequence"—"Since the same information that would have been afforded had the document been given to defendant was already in the possession of the defense by way of the witness' admissions while testifying, it would deny reason to entertain the belief that defendant could have been prejudiced by not having had opportunity to inspect the letter."). See also *Killian v. United States,* 368 U.S. 231, 82 S.Ct. 302, 7 L.Ed.2d 256, reh. den. 368 U.S. 979, 82 S.Ct. 476, 7 L.Ed.2d 441. Absence of prejudice has been found under various circumstances, e. g. *United States v. Calhoun,* 542 F.2d 1094 (9 Cir.), cert. den. *Stephenson v. United States,* 429 U.S. 1064, 97 S.Ct. 792, 50 L.Ed.2d 781, and *Wimbley v. United States,* 436 U.S. 912, 98 S.Ct. 2252, 56 L.Ed.2d 413; *United States v. Esposito,* 523 F.2d 242 (7 Cir.), cert. den. 425 U.S. 916, 96 S.Ct. 1517, 47 L.Ed.2d 768; *United States v. Gugliaro,* 501 F.2d 68 (2 Cir.); *United States v. Catalano,* 491 F.2d 268 (2 Cir.), cert. den. 419 U.S. 825, 95 S.Ct. 42, 42 L.Ed.2d 48; *United States v. Smaldone,* 484 F.2d 311 (10 Cir.), cert. den. 415 U.S. 915, 94 S.Ct. 1411, 39 L.Ed.2d 469; *United States v. Sharpe,* 452 F.2d 1117 (1 Cir.); *Sheer v. United States,* 414 F.2d 122 (5 Cir.), cert. den. 396 U.S. 946, 90 S.Ct. 387, 24 L.Ed.2d 249. See also 24A C.J.S. Criminal Law § 1889 at 910.

We conclude that this assignment of error should not be sustained.

PETITION DENIED.

All Justices concur except ALLBEE, McGIVERIN and LARSON, JJ., who take no part.