**STATE of Iowa, Appellee,**

v.

**Billy Joe GRAHAM, Appellant.**

**No. 63754.**

Supreme Court of Iowa.

April 23, 1980.

Robert A. Rolfe of Phipps & Rolfe, Lamoni, for appellant.

Thomas J. Miller, Atty. Gen., Douglas F. Staskal, Asst. Atty. Gen. and Arnold O. Kenyon, III, Union County Atty., Creston, for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, UHLENHOPP, ALLBEE and LARSON, JJ.

LARSON, Justice.

This defendant appeals his conviction of robbery in the first degree in violation of section 711.1–.2, Supplement to the Code 1977. He alleges error in the trial court's overruling of his (1) motion to suppress, (2) pretrial motion to dismiss for lack of corroboration of accomplice testimony, (3) motion for judgment of acquittal based on the same grounds, and (4) alternative motions to dismiss or for a new trial based on the failure of the county attorney to file a written oath of office. We find no error in any of the trial court proceedings and affirm.

At approximately 1:30 a. m., December 24, 1978, three subjects robbed the Pizza Hut in Creston. Shortly before noon on December 27, a Creston police officer went to Lynn Fitzgerald's house and asked him to come down to the station and bring his coveralls and boots. This was done without securing either a search warrant or an arrest warrant. Fitzgerald went to the police station where he was interrogated. During the interrogation he implicated the defendant, together with a Scott Kuehl, and himself in the robbery.

A county attorney's information was filed, charging the defendant with the crime and following disposition of defendant's motion to suppress, the case proceeded to trial. The first trial of this matter ended in a mistrial. On the second trial, the jury found the defendant guilty and he was sentenced on May 30. He filed his notice of appeal on the same day. On June 27 he filed his alternative motions to dismiss or for a new trial.

I. *County Attorney.* This issue has also been presented in *State v. Sheets,* 291 N.W.2d 35 (Iowa 1980), filed this same date. It is not necessary to reiterate the facts or the legal analysis. We hold that defendant waived this issue for failure to present it within the time constraints of Iowa R.Crim.P. 10 and that the alleged deficiency in the information did not affect the trial court's subject-matter jurisdiction.

II. *Motion to Suppress.* Defendant's motion to suppress was based on the derivation of evidence from Fitzgerald's allegedly illegal arrest and interrogation without the benefit of counsel. He argues the evidence must be excluded as "fruit of

the poisonous tree." *Wong Sun v. United States*, 371 U.S. 471, 488, 83 S.Ct. 407, 417, 9 L.Ed.2d 441, 455 (1963). The trial court ruled that Fitzgerald was arrested but felt there was no need to determine the legality of the arrest because the fourth and fifth amendment rights implicated by these police actions are "personal rights" and that the "exclusionary rule should not be extended to others [than] that person" whose rights are violated. We concur in the trial court's ruling.

In analyzing a "poisonous tree" argument in the context of this case, one thing is clear: Not everybody is entitled to complain about the quality of its fruit. This defendant contends Fitzgerald's fourth and fifth amendment rights were abridged by the arrest and interrogation which followed. We need not reach that issue, because he may not raise them, even if they were established.

The Supreme Court has consistently ruled that exclusion of evidence garnered in violation of the fourth amendment may be obtained only by those people who have had an interest protected by that amendment violated. *E. g., Rakas v. Illinois*, 439 U.S. 128, 140, 99 S.Ct. 421, 425, 58 L.Ed.2d 387, 399 (1978); *Alderman v. United States*, 394 U.S. 165, 174, 89 S.Ct. 961, 967, 22 L.Ed.2d 176, 187 (1969). The rationale of the rule against vicarious assertion of the constitutional right is the personal nature of that right. *Rakas v. Illinois*, 439 U.S. at 140, 99 S.Ct. at 425, 58 L.Ed.2d at 399; *Alderman v. United States*, 394 U.S. at 174, 89 S.Ct. at 966, 22 L.Ed.2d at 187.

Assertions of *fifth* amendment rights have similarly been held to be personal. *Couch v. United States*, 409 U.S. 322, 93 S.Ct. 611, 34 L.Ed.2d 548 (1973) involved an Internal Revenue Service summons on the defendant's accountant. The Court quoted Mr. Justice Holmes: "A party is privileged from producing the evidence but not from its production." *Id.* at 328, 93 S.Ct. at 616, 34 L.Ed.2d at 554 (quoting *Johnson v. United States*, 228 U.S. 457, 458, 33 S.Ct. 572, 572, 57 L.Ed. 919, 920 (1913)). The Court then went on to say:

The Constitution explicitly prohibits compelling an accused to bear witness "against himself": it necessarily does not proscribe incriminating statements elicited from another. . . . *It is extortion of information from the accused himself that offends our sense of justice. Id.* (emphasis added). Other Supreme Court cases have also emphasized the personal nature of fifth amendment rights. *See, e. g., United States v. Nobles*, 422 U.S. 225, 233, 95 S.Ct. 2160, 2167, 45 L.Ed.2d 141, 150 (1975) (discovery of defense investigator's written report); *Bellis v. United States*, 417 U.S. 85, 91, 94 S.Ct. 2179, 2184, 40 L.Ed.2d 678, 685 (1974) (subpoena to partner of small law firm to produce partnership's financial records).

Federal courts of appeals considering the question have declined to draw a distinction between fourth and fifth amendment rights, ruling that fifth amendment rights may not be asserted vicariously. *United States v. Shaffner*, 524 F.2d 1021, 1022 (7th Cir. 1975), *cert. denied*, 424 U.S. 920, 96 S.Ct. 1126, 47 L.Ed.2d 327 (1976); *United States v. Skoleck*, 474 F.2d 582, 584 (10th Cir. 1973); *Byrd v. Comstock*, 430 F.2d 937, 938 (9th Cir. 1970); *Bryson v. United States*, 419 F.2d 695, 699 (D.C.Cir.1969); *United States v. Bruton*, 416 F.2d 310, 312 (8th Cir. 1969).

*Bellis v. United States*, 417 U.S. 85, 94 S.Ct. 2179, 40 L.Ed.2d 678 (1974) illustrates the very narrow scope of the fifth amendment under facts analogous to these. Bellis had been a member of a small law partnership and following dissolution of the partnership retained possession of the firm's financial records. A subpoena for their production was served on Bellis, who refused, claiming his fifth amendment privilege against self-incrimination. The Supreme Court affirmed an order requiring production of the records on the basis that the privilege did not apply. The Court said, quoting in part from an earlier case, that

[t]he constitutional privilege against self-incrimination . . . is designed to prevent the use of legal process to force from the lips of the accused individual

the evidence necessary to convict him or to force him to produce and authenticate any personal documents or effects that might incriminate him. . . .

On the other hand, an equally long line of cases has established that an individual cannot rely upon the privilege to avoid producing the records of a collective entity which are in his possession in a representative capacity, *even if these records might incriminate him personally.*

*Bellis v. United States*, 417 U.S. at 88, 94 S.Ct. at 2183, 40 L.Ed.2d at 683 (emphasis added). In a prosecution of Graham, Fitzgerald had no privilege as to those portions of this statement which implicated Graham, even though they might also· incriminate himself. If Fitzgerald could not raise constitutional impediments to his own interrogation insofar as it incriminated Graham, then Graham could not do so vicariously.

We hold that neither fourth nor fifth amendment rights may be asserted by the defendant here. Because all of the police activities the defendant complains of were directed toward Fitzgerald, they did not infringe an interest which those amendments were designed to protect. The trial court did not err in overruling the defendant's motion to suppress on this ground.

■ The defendant argues that Iowa R.Crim.P. 11 gives him standing to assert the violation of Fitzgerald's rights. That rule provides, in part: "A person aggrieved by an unlawful search and seizure may move to suppress for use as evidence anything so obtained . . . ." The defendant argues that he is "aggrieved" within the meaning of the rule. We reject that argument because we believe the rule merely restates the scope of the constitutionally required exclusionary rule. A person is aggrieved within the meaning of Iowa R.Crim.P. 11 if "the disputed search and seizure has infringed an interest of [that person] which the Fourth Amendment was designed to protect." *See Rakas v. Illinois,* 439 U.S. at 140, 99 S.Ct. at 425, 58 L.Ed.2d at 399. Thus, the rule does not expand the class of people who may have evidence suppressed; it merely prescribes the procedure

to be used in implementing the constitutional guarantees.

III. *The Corroboration.* The appellant attacks the sufficiency of the evidence corroborating the accomplice's testimony on two grounds: (1) the sufficiency of the information which he claims did not show on its face, nor in the minutes attached, that there would be corroborating evidence introduced at trial; and (2) the sufficiency of the evidence of corroborating evidence actually presented at trial.

■ a. *Sufficiency of the information.* The defendant moved to dismiss the information upon the basis that the only evidence in the minutes of testimony implicating the defendant in the robbery came from his two accomplices and on the legal principle that the testimony of one accomplice cannot corroborate that of another. *See Johnson v. State,* 4 Greene 65 (Iowa 1853). Thus, he argues that the trial judge could not have properly made the finding which is a prerequisite to approval of the information "that the evidence contained in the information and the minutes of testimony, if unexplained, would warrant a conviction by the trial jury." Iowa R.Crim.P. 5(4). This error by the approving judge, it is argued, is a "defect in the . . . information" which may be asserted before trial.

The appellant argues that the minutes of testimony attached to the county attorney's information merely corroborated the commission of the crime; they did not "tend to connect the defendant" with it as required by Iowa R.Crim.P. 20. He cites no authority for his contention that this alleged defect is a basis for dismissal. A specific provision for dismissal of informations upon procedural grounds is found in Iowa R.Crim.P. 10(6)(c)

"on one or more of the following grounds:"

(1) When the minutes of evidence have not been filed with the information.

(2) When the information has not been filed in the manner required by law.

(3) When the information has not been approved as required under R.Cr.P. 5(4).

None of the procedural defects referred to in that rule are found in this case and defendant is not entitled to dismissal on the ground asserted.

A general rule for dismissal is found in Iowa R.Crim.P. 10(6)(a):

> If it appears from the bill of particulars furnished pursuant to this rule that the particulars stated do not constitute the offense charged in the indictment or information, or that the defendant did not commit that offense or that a prosecution for that offense is barred by the statute of limitations, the court may and on motion of defendant shall dismiss the indictment or information unless the prosecuting attorney shall furnish another bill of particulars which so states the particulars as to cure the defect.

The statutory predecessor to that rule was almost identical to the rule. That provision, section 773.5, The Code 1946, was applied in *State v. Boucher*, 237 Iowa 772, 23 N.W.2d 851 (1946). In that case, the trial court had sustained a motion to set aside an indictment on the same grounds as this appellant urges. On an appeal by the State, the court stated the issue: "May a court set aside an indictment that charges a crime which requires corroboration, because the minutes of testimony attached to the indictment do not contain testimony which would, as a matter of law, corroborate the testimony of the prosecutrix . . . ." *Id.* at 774, 23 N.W.2d at 852. In reversing, this court said that the motion merely challenged the sufficiency of the evidence, which was not a ground for setting aside an indictment. It is still not a ground, under rule 20, for dismissal of an indictment or information.

■ There is an additional ground for denying the motion challenging the sufficiency of the information. Iowa R.Crim.P. 10(6)(a) provides for dismissal "*[i]f it appears from the bill of particulars furnished pursuant to this rule* . . . ." (Emphasis added.) A bill of particulars therefore appears to be a prerequisite to a motion to dismiss upon the general grounds of the rule. We have so held under its statutory

predecessor. *State v. Hall*, 235 N.W.2d 702, 710 (Iowa 1975). No motion for bill of particulars is shown to have been filed by defendant so he is not entitled to dismissal.

■ b. *Corroboration at trial.* The legal principles concerning accomplice testimony are well settled. Iowa R.Crim.P. 20(3) precludes convictions on the basis of uncorroborated accomplice testimony. The existence of corroborative evidence is a question of law to be determined by the court; its sufficiency to lend credibility to the testimony of the accomplice is a question of fact which is left to the determination of the jury. *State v. Nepple*, 211 N.W.2d 330, 331–32 (Iowa 1973). "The statutory requirement is met if it can fairly be said the accomplice is corroborated in some material fact tending to connect the defendant with the commission of the crime." *State v. Vesey*, 241 N.W.2d 888, 890 (Iowa 1976).

■ In the light of these principles, we look to the record to determine whether there was corroborative testimony to support the conviction. Other testimony placed defendant in the company of the accomplices on the same evening as the robbery; there was evidence that one of the robbers was cut on a window in breaking into the restaurant, and defendant's blood type matched that of the blood on the floor; and, most persuasive, two employees identified defendant. It is argued that this identification testimony was so weak that it should not even be considered because the robbers wore nylons over their faces and at the first trial these witnesses did not identify defendant during their testimony. Appellant argues that, under these circumstances their testimony "is highly suspect and should be disregarded for purposes of corroboration." The identification witnesses explained the apparent failure to identify Graham at the first trial, and, in any event, this complaint goes to the weight of the testimony and the credibility of the witnesses, which must be determined by the jury, not this court. *See State v. Orozco*, 290 N.W.2d 6, 11 (Iowa 1980) (testimony not insufficient to support verdict on ground it

is "inherently incredible"). The defendant's oral "motion for judgment of acquittal," based upon lack of corroboration, was properly overruled.

We find no error in any of the rulings of the trial court and therefore affirm.

AFFIRMED.