In the Interest of Gary Lee HARRELL, a Child.

Appeal of Gary HARRELL.

No. 3–64822.

Court of Appeals of Iowa.

April 21, 1981.

Alan N. Waples of Wittkamp & Waples, Burlington, for appellant.

Thomas J. Miller, Atty. Gen., John G. Black, Sp. Asst. Atty. Gen. and Brent D. Hege, Asst. Atty. Gen., for appellee.

Heard by OXBERGER, C. J., and DONIELSON, SNELL, CARTER and JOHNSON, JJ.

DONIELSON, Judge.

Gary Lee Harrell, a juvenile, appeals from adjudication of delinquency and the dispositional order sending him to the Eldora training school. He contends that the rule of evidence requiring corroboration of accomplice testimony applies to delinquency hearings and that there was insufficient corroboration of the testimony of his alleged accomplice. We affirm.

I.

On February 14, 1980, a petition was filed in juvenile court alleging that Gary Harrell was delinquent by reason of being involved in the burglary of the residence of Edward Bonewitz on January 14, 1980. At the delinquency hearing, a police officer testified that he stopped a car containing Harrell and Warren Beeler in the early morning hours of January 14. He observed in the back seat of the car a number of liquor bottles and a silver tea service wrapped in a coat. Beeler testified at the hearing that he and Harrell climbed in a window at the burglarized residence and stole some liquor and silver. A deputy sheriff testified that Harrell had admitted that he knew the location of the Bonewitz residence. Bonewitz did not testify concerning the break-in or what items were missing; the allegedly stolen items, the liquor and the silver tea set, were not introduced into evidence.

II.

Initially, we must determine whether the evidentiary rule requiring corroboration of accomplice testimony applies to juvenile proceedings. Such corroboration is required in adult criminal proceedings pursuant to Iowa R.Crim.P. 20(3); section 232.-47(5), The Code 1979, provides that the rules of evidence applicable to the trial of criminal cases shall also apply to juvenile delinquency adjudications. Accordingly, we hold that the rule requiring corroboration of accomplice testimony applies to juvenile proceedings.

The next question is whether the testimony of alleged accomplice Beeler was sufficiently corroborated such that a finding of delinquency was justified. Our review of the record indicates that sufficient corroboration evidence was presented.

 Iowa R.Crim.P. 20(3) requires that accomplice testimony be corroborated by other evidence that tends to connect the accused with commission of the offense. *Id.*; *State v. Graham*, 291 N.W.2d 345, 350 (Iowa 1980) (citing *State v. Vesey*, 241 N.W.2d 888, 890 (Iowa 1976)). As the supreme court has recently observed:

> [C]orroborating evidence need not be strong. All that is necessary is that the accomplice(s) be corroborated in some material fact, which tends to connect the defendant with the crime, and therefore supports the credibility of the accomplice(s)' testimony. It is not necessary that the evidence corroborating the accomplice(s)' testimony relate to all of the elements material to the defendant's commission of the crime. Such evidence may be direct or circumstantial. It must be inculpatory but need not be entirely inconsistent with innocence. Each case must be judged on its own facts. There may be a combination of circumstances which entitled the jury to reach the conclusion the accomplice(s)' testimony has been corroborated.

*State v. Horn*, 282 N.W.2d 717, 731 (Iowa 1979) (citations omitted). Applying these considerations to the instant case, we conclude that Beeler's testimony was sufficiently corroborated by the testimony of the police officer who stopped the juveniles' car and found the liquor bottles and the silver tea set in the back seat. The adjudication of delinquency should therefore be affirmed.

AFFIRMED.

All judges concur, except OXBERGER, C. J., and SNELL, J., who dissent.

OXBERGER, Chief Judge (dissenting).

I dissent.

The majority finds the testimony of the police officer that he observed the defendant in a vehicle containing liquor bottles and a silver tea set is sufficient to connect defendant with the commission of the offense of burglary of the Bonewitz residence. I do not agree.

There was no independent testimony showing these items were stolen or were owned by another. There was no independent testimony that there had been in fact a burglary or theft. I find *State v. Fletcher*, 246 Iowa 452, 457, 68 N.W.2d 99, 101 (1955) controlling in this matter and would reverse the adjudication.

SNELL, J., joins in dissent.