STATE of Iowa, Plaintiff-Appellee,

v.

Lee L. BESTMANN,
Defendant-Appellant.

No. 64864.

Court of Appeals of Iowa.

Jan. 26, 1982.

Bennett Cullison, Jr., of Cullison & Cullison, P. C., Harlan, for defendant-appellant.

Thomas J. Miller, Atty. Gen. and Shirley A. Steffe, Asst. Atty. Gen., for plaintiff-appellee.

Submitted to OXBERGER, C. J., and DONIELSON, SNELL, CARTER and JOHNSON, JJ.

PER CURIAM.

Defendant appeals his convictions of second degree burglary in violation of sections 713.1 and 713.3, The Code, and first degree theft in violation of sections 714.1(1) and 714.2(1), The Code. He asserts that testimony of alleged accomplices was not corroborated, identification testimony by a witness varied from his minute of testimony, the trial court erred in denying defendant's request for production of prior statements of prosecution witnesses, the State failed to disclose allegedly exculpatory evidence, the defendant was denied an implied right to cross-examine witnesses compelled to appear by Iowa R.Crim.P. 13, and the court was in error in denying his motion for a mistrial. Defendant also argues that he was denied a fair trial by both judicial and prosecutorial misconduct. We remand for limited hearings and otherwise affirm.

During the late night hours of April 20, 1979, a burglary of a storage building occurred in Monona County. Farm chemicals worth more than $5,000 were taken. In early May, Woodbury County officials learned that one John Becker, being held in Pottawattamie County for other break-ins, might have knowledge about the Monona County burglary. The Division of Criminal Investigation became involved, and Becker was brought to Woodbury County in hopes that he would lead the officers to where the stolen chemicals had been taken. Becker was unable to do so, but when the officers, acting on other information in their possession, took Becker to the farm of a Ronald

Kallsen, Becker identified this farm as the place he and another man (later identified by Becker as the defendant, Lee Bestmann) had stopped after the burglary and before proceeding to unload the chemicals at a nearby farm belonging to a friend of Kallsen's, Eugene VanderHamm. Lee Bestmann, defendant herein, was arrested June 18, 1979, and charged with burglary in the second degree and theft in the first degree. He was allegedly the "other man" with Becker when the chemicals in Monona County were stolen. On February 4, 1980, a jury returned a verdict of guilty to both crimes as charged.

Both before and at trial defendant sought to avail himself of discovery procedures. Primarily he requested what is commonly called Jencks Act material as well as information relating to grants of immunity which several of the State's witnesses were receiving in return for their testimony. He also requested any exculpatory material within the State's possession. Prior to trial the court sustained defendant's request for exculpatory material, but overruled the parts of his motion to inspect and copy investigative reports and recorded statements by those witnesses believed by defendant to be accomplices. However, the court gave defendant the right to request that information at time of trial and ask for an in camera inspection of the documents in question.

The original trial information listed minutes of testimony for eight witnesses. On August 22 John Becker's minute was added to the list, and Eugene VanderHamm's minute was added September 18. Pretrial conference was held January 11, 1980, and attempts were made to settle remaining discovery issues. Nothing in the way of exculpatory evidence had been turned over to defendant; it was the State's position that exculpatory evidence was that which would prove defendant's innocence. Defendant, on the other hand, argued that exculpatory evidence included statements by the State's witnesses tending to exculpate him, threats of prosecution made to those witnesses to coerce their testimony, and conflicts in their statements regarding defendant's involvement in the offense with which he was charged. No material was produced by the State, but the trial court did agree to hold an in camera interrogation of Becker, VanderHamm, and Kallsen regarding prior statements they had given to law enforcement agencies and any immunity arising therefrom. The Monona County attorney's office was willing to provide the court only information it had personally about immunity issues concerning these witnesses, and was unwilling or unable to apprise the court and defendant as to other charges or grants of immunity that may have existed with other county attorneys' offices in any of the other several counties apparently involved in the investigations against defendant.

The court spoke with VanderHamm and Kallsen without counsel present January 22, 1980 (Becker's interrogation was waived). The court learned that Kallsen was charged with receiving stolen property in Plymouth County, and that he had given a statement in his own attorney's office with law enforcement personnel present. VanderHamm was charged with theft in the first degree in Sioux County, had been questioned in the Plymouth County sheriff's office, and was being granted immunity from prosecution in exchange for his testimony. The trial court purported to make available to all counsel the results of this private interview of these witnesses.

Defendant's trial began January 29. After the jury was impaneled, defendant renewed his motion for inspection of exculpatory material and written statements of the State's witnesses. The motion was overruled. Before the witnesses in question were called, defendant asked that their statements be produced immediately after each testified. The court again refused and further directed defendant's counsel not to request the material again as each witness testified since such requests were being denied in advance. The court informed defendant that his requests were untimely and should have been pursued by discovery procedures pretrial.

I. *Statements of Prosecution Witnesses.* The Iowa courts have approved procedures for discovery of statements written or adopted and signed by witnesses for the State as prescribed by the Jencks Act, 18 U.S.C. § 3500 (1976). Such statements are generally not available to a defendant before trial, but should be given to him to aid in his preparation for cross-examination once the witness has testified on direct examination if the material within the prior statement is germane to the subject matter of the witness's direct testimony. *State v. Horn,* 282 N.W.2d 717, 722–23 (Iowa 1979). In certain situations, an alternate approach may be for the court to examine all such documents in camera and report to counsel any inconsistencies or exculpatory material contained in the statements. *State v. Mayhew,* 170 N.W.2d 608, 614 (Iowa 1969). However, if such a procedure is followed, the information made available to the defendant should contain anything that is germane to the trial and not be limited solely to those matters thought by the court to be inconsistent with the witness's in court testimony. *State v. Deanda,* 218 N.W.2d 649, 651–52 (Iowa 1974).

It is clear in the present case, and the State admits, that defendant was improperly denied access to prior statements of the State's witnesses. The trial court's determination that he waived his right to such statements is clearly without merit. For this reason, defendant is entitled to a remand on this issue with instructions.

The court is directed, under guidelines delineated in *State v. Horn,* 282 N.W.2d at 721–23, to determine which recorded or adopted statements of the State's witnesses qualify for discovery consistent with Jencks Act procedures. The State is directed to make all potential Jencks Act statements available to the court as the basis for such determination. Any such statements are to be turned over to the court without regard as to what state agency took the statements. The prosecuting attorney in charge of the present criminal proceeding shall endeavor to secure any such statements in the possession of other state agencies.

If the trial court on remand determines that any of the Jencks material not provided for defendant's inspection at trial is germane, and also determines that the failure to produce same was prejudicial to defendant under the test applied in *Horn* and *State v. Henderson,* 272 N.W.2d 492, 494 (Iowa 1978), a new trial shall be granted.

II. *Exculpatory Material.* Ordinarily a defendant and his counsel are the ones to say whether given material is useful to the defense. *State v. Henderson,* 272 N.W.2d at 494. This does not mean, of course, that a defendant has license to rummage through prosecution files before trial. *State v. Galloway,* 167 N.W.2d 89, 92 (Iowa 1969). Neither does it mean, as the State attempted to maintain in the present case, that exculpatory material is limited to evidence that would convince the prosecutor that the defendant is innocent.

The defendant's constitutional right to the prosecution's disclosure of exculpatory evidence is firmly established. *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The disclosure of evidence affecting witness credibility also falls within the *Brady* rule. *Giglio v. United States,* 405 U.S. 150, 154, 92 S.Ct. 763, 766, 31 L.Ed.2d 104, 108 (1971). Defendant's counsel made timely requests for exculpatory material, including evidence of threats of prosecution of the State's witnesses or arrangements with them as to grants of immunity in exchange for testimony. Although an in camera interrogation of the witnesses VanderHamm and Kallsen was finally conducted by the court, we think once again the prosecutor was less than cooperative in providing information regarding such arrangements to either the court or the defendant and the information conveyed to defendant by the court was not in such form as to permit defendant to fairly deal with evasive answers from State witnesses. We therefore order that on remand the State is directed to make available to the court, in addition to the Jencks material, any information regarding arrangements made with the State's witness-

es concerning pleas, reduced charges, or nonprosecution in any matter in exchange for testifying in this case. This information is to be made available to the court regardless of which county or state agency may have given the benefit to the witness in exchange for his testimony. The court shall then determine whether there was a withholding of any matter sufficient to require a new trial under the tests discussed in *State v. King*, 256 N.W.2d 1, 15–16 (Iowa 1977), or a failure to correct false testimony concerning inducements made to State witnesses.

■ III. *Iowa R.Crim.P. 13(1)*. The defendant argues that he has been denied the right to cross-examine witnesses questioned by the county attorney pursuant to Iowa R.Crim.P. 5(6) and Iowa R.Crim.P. 13(1). It is true that, after complaint, indictment or information if a county attorney subpoenas a witness to his office a defendant has a right to be present and cross-examine the witness. Defendant also urges us to hold that this rule applies whenever a witness is *compelled* to make statements, including those made to law enforcement officials, in the absence of subpoena. He urges that in the present case certain witnesses were compelled to talk to the county attorney in order to avoid criminal prosecutions against themselves. We decline to hold that rule 13(1) applies in the absence of a subpoena under rule 5(6).

■ IV. *Minutes of Testimony*. Defendant maintains that the witness VanderHamm was permitted at trial to testify at variance with his minute of testimony. In the proper situation, if a witness testifies substantially beyond the matters set out in his minute of testimony, then the remedy is a new trial so that the State's compliance with Iowa R.Crim.P. 5(3) is encouraged. *State v. Olsen*, 293 N.W.2d 216, 221 (Iowa 1980).

■ It seems clear that VanderHamm was permitted to testify substantially at variance with his minute of testimony. However, the objection that the witness was going beyond the substance of matters set out in the minute of testimony was not made at trial. *State v. Olsen*, 293 N.W.2d at 220. "The requirement that an objection be asserted at trial, which specifically encompasses the grounds raised on appeal, is designed to assure that the trial court is alerted to the question raised and opposing counsel has the opportunity to remedy the defect." *State v. Mark*, 286 N.W.2d 396, 408 (Iowa 1980).

After defendant's objection to the State's questioning of VanderHamm on rebuttal as beyond the scope of cross-examination and the sustaining of that objection, the State was permitted to reopen direct examination for the purpose of asking VanderHamm if he could identify defendant. Defendant objected again, stated his objection was for another reason, and then approached the bench where a discussion occurred off the record. The court then allowed VanderHamm to identify defendant. On appeal defendant's counsel maintains that during the discussion at the bench he made the proper objection.

We must review the record before us. If proper objection was made, it is not on the record, and we therefore cannot grant the relief to which defendant may have been entitled.

V. *Corroboration of Accomplice Testimony*. At trial the chief witnesses against defendant were Becker, VanderHamm, and Kallsen, all of whom, to one extent or another, had themselves been engaging in criminal activity. Defendant argues that they were therefore all accomplices whose testimony required corroboration in order to sustain a conviction based on such testimony.

■ The general rule for determining whether a witness is an accomplice is if he could be charged with and convicted of the specific offense for which an accused is on trial. *State v. Johnson*, 237 N.W.2d 819, 822 (Iowa 1976); *State v. Jennings*, 195 N.W.2d 351, 356 (Iowa 1972). Once a determination has been made that a person is an accomplice, then it is reversible error not to instruct the jury that the accomplice's testimony must be corroborated in order to con-

vict the defendant. *State v. Upton*, 167 N.W.2d 625, 629 (Iowa 1969); Iowa R.Crim.P. 20(3). Evidence is corroborative if it tends to support some material part of the accomplice's testimony, and the statutory requirement is met if it can fairly be said the testimony is corroborated in a material fact tending to connect the defendant with the commission of the crime. *State v. Vesey*, 241 N.W.2d 888, 890 (Iowa 1976); *State v. Bizzett*, 212 N.W.2d 466, 468 (Iowa 1973). Ordinarily whether such corroborative evidence exists is a matter for the court; whether it's sufficient is a matter for the jury. *State v. Jennings*, 195 N.W.2d at 357.

Under the facts presented in this case we believe that none of these witnesses was an accomplice as a matter of law. The record reveals that the jury was properly instructed on the issue of corroboration as necessary to convict a defendant by accomplice testimony. In the absence of any showing to the contrary, we must assume that the jury's finding on the accomplice issue was consistent with its general verdict and otherwise proper. *See State v. Sanders*, 282 N.W.2d 770, 773 (Iowa App.1979).

**VI.** *Judicial and Prosecutorial Misconduct.* Defendant contends that he was denied a fair trial because of comments by the judge and the prosecutor in front of the jury that prejudiced the defendant in the minds of the jury. After reading the entire record, we find evidence that defendant's trial was joined vigorously by all parties, but we do not find defendant was denied a fair trial by conduct of either the judge or the prosecutor.

For the reasons herein stated, defendant's conviction is affirmed on condition and the matter remanded for further proceedings in the trial court on (1) the Jencks material, and (2) possible exculpatory evidence relating to incentives given to State witnesses, and a determination by the trial court as to whether either of these matters requires the granting of a new trial.

AFFIRMED ON CONDITION; REMANDED WITH DIRECTIONS.