**In the Interest of R.M.O., A Child.**

No. 87–1404.

Court of Appeals of Iowa.

Sept. 28, 1988.

Theodore F. Sporer of Watson & Peterson, P.C., Des Moines, guardian ad litem, for appellant child.

Thomas J. Miller, Atty. Gen., Charles K. Phillips, Asst. Atty. Gen., and Adam Gerol, Asst. Polk County Atty., for appellee State.

Considered by OXBERGER, C.J., and DONIELSON and HABHAB, JJ.

HABHAB, Judge.

R.M.O., a juvenile, was charged with the delinquent act of second-degree burglary for working with an accomplice to steal various items from a house illegally entered. The accomplice testified that R.M.O. planned the crime, helped the accomplice climb through a window, then entered the home himself and took several items. R.M.O. denies those statements. He asserts that he had no part in the crime, but merely observed it from a position on the side-

walk three or four houses away while talking to a friend.

A police detective testified that after interviewing the accomplice and his brother, who may have been another accomplice, he believed R.M.O.'s role was that of a lookout. The trial court accepted this version of the incident in its order finding that R.M.O. did aid and abet in the crime.

On appeal, R.M.O. contends that the trial court's finding violates Iowa Rule of Criminal Procedure 20(3) because it is based completely on statements by one or more accomplices uncorroborated by independent evidence. Iowa Rule of Criminal Procedure 20(3) provides:

> A conviction cannot be had upon the testimony of an accomplice or a solicited person, unless corroborated by other evidence which shall tend to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof.

Iowa Rule of Criminal Procedure 20(3) applies to juvenile cases. *In Interest of Harrell,* 309 N.W.2d 896, 896 (Iowa App.1981); *In Interest of Dugan,* 334 N.W.2d 300, 304 (Iowa 1983).

An accomplice is a person who willfully unites in, or is in some way concerned in the commission of a crime. *State v. Berney,* 378 N.W.2d 915, 917 (Iowa 1985). The general rule for determining whether a witness is an accomplice is if he could be charged with and convicted of the specific offense for which an accused is on trial. *Id.*

The accused on trial here is R.M.O. It is clear that the accomplice, S.P., is the person whose testimony has to be corroborated. S.P. is the accomplice for by his own admission, he participated in the crime with which both he and R.M.O. are charged. We must now determine if S.P.'s testimony was sufficiently corroborated.

Corroborating evidence serves a two-fold purpose: it tends to connect the accused with the crime charged, and it serves as a counterweight against the dubious credibility of an accomplice, whose motivation to testify is suspect because the person would have a natural self-interest in focusing the blame on the defendants. *State v. Berney,* 378 N.W.2d at 918. Corroborative evidence need not be strong as long as it can fairly be said that it tends to connect the accused with the commission of the crime and supports the credibility of the accomplice. *Id.*

The above notwithstanding, the State still must produce some type of inculpatory corroborating evidence. "Corroration of testimony which is not inculpatory is not corroboration of a material fact tending to connect the accused with a crime." *State v. Vesey,* 241 N.W.2d 888, 891 (Iowa 1976). "Corroborative evidence is insufficient if it merely supports accomplices' testimony tending to show defendant's opportunity to commit a crime." *State v. Vesey,* 241 N.W.2d at 891. The corroboration required must be something other than the testimony of the accomplice which tends to show the defendant participated in the crime. *State v. Fletcher,* 246 Iowa 452, 456, 68 N.W.2d 99, 101 (1955).

S.P., the accomplice juvenile, testified that he had been contacted by the defendant, who told him that a family had gone away on vacation, and that their young son had left a window open in the house. S.P. and the defendant proceeded to the house, whereupon the defendant helped S.P. through the window. S.P. then unlocked the door and let the defendant in. In the house the defendant took a BB gun and a bow and arrow, which he left with S.P. He also took a knife and, according to S.P., later sold it to his dad. S.P. took some gloves and some keys. The two juveniles then went to their respective homes. At some point in time, they told S.P.'s brother about the break-in. The brother told his mother, who called the police and turned the stolen items over to them. S.P. testified that the plan to break in had been initiated by the defendant, who claimed that the whole idea was that of the boy who left the window open.

Pursuant to Iowa Rule of Criminal Procedure 20(3), we now search the record to find evidence corroborating the accom-

plice's testimony. We first dismiss Officer Blaylock's testimony as being corroborating. He merely rendered an opinion that the defendant was a lookout. His opinion is based on both the defendant's testimony and the accomplice's testimony. An opinion based on opposing stories is not sufficient to corroborate the testimony of the accomplice.

■ The State puts forth the following as corroborating evidence: The defendant had previously been in the home of the victims (testimony of the homeowner); the defendant had been at the scene of the crime during the crime (testimony of defendant); he was in a position to serve as lookout (testimony of defendant); the objects alleged to be stolen were in fact stolen (testimony of Officer Nielson and the homeowner); he did not report the burglary he observed (testimony of defendant).

Corroborative evidence is insufficient if it merely supports accomplice testimony tending to show a defendant's opportunity to commit the crime. *State v. Vesey*, 241 N.W.2d at 891. In *Vesey*, both the accomplice and the accused had been drinking together from sometime in the afternoon until approximately 2:00 a.m. The accomplice testified that the two traveled around together in a car and that the accomplice kicked in a window of a Sinclair Station and a Superamerica Station, stealing some hot dogs, lunch meat, and half a carton of milk, some cigarettes, and some coins and other currency. The defendant testified that he had been with the accomplice, but that he had refused to participate in any break-in, and in fact had fallen asleep in the car while it was parked in the garage. On those facts, the *Vesey* court stated:

> In order to convict defendant of the break-in on a theory of aiding and abetting, it was incumbent upon the State to show that he assented to or lent countenance and approval to Webb's criminal act either by act of participation in it or by some manner encouraging it prior to or at the time of its commission. Knowledge is essential, but neither knowledge nor mere proximity to the scene of the crime is sufficient in itself to prove aiding and abetting.

*Id.* at 891. In *Vesey*, the court held that the accomplice's testimony was not corroborated in the material fact tending to connect the defendant with the commission of the crime.

No evidence in the record nor the trial court's holding meets the requirement in *Vesey* that the corroborative evidence must do something more than support the accomplice testimony tending to show a defendant's opportunity to commit a crime. We therefore reverse the trial court.

REVERSED.