STATE of Iowa, Appellee,

v.

James Dean BERNEY, Appellant.

No. 85–129.

Supreme Court of Iowa.

Dec. 18, 1985.

Gary K. Anderson, of Anderson & Wheeler, Council Bluffs, for appellant.

Thomas J. Miller, Atty. Gen., Elizabeth Ciebell, Asst. Atty. Gen., David Richter, County Atty. and Drew H. Kouris, Asst. County Atty., for appellee.

Considered by UHLENHOPP, P.J., and HARRIS, LARSON, CARTER, and WOLLE, JJ.

WOLLE, Justice.

Defendant appeals from his conviction and sentence for burglary in the second degree in violation of Iowa Code section 713.5 (1983). He contends that the trial court erred in four respects: (1) in failing to find as a matter of law that a key prosecution witness was an accomplice; (2) in finding that sufficient evidence corroborated the testimony of the alleged accomplice; (3) in allowing the State belatedly to amend the trial information to allege that defendant was an habitual offender; and (4) in failing to consider all available sentencing options. Three different trial judges ruled on the separate matters assigned as error; for convenience we refer only to "the trial court" or "the sentencing court." We find no error and affirm.

On October 2, 1983, a break-in occurred at the Carrier Transicold Building in Council Bluffs, and soon thereafter defendant James Berney was charged with burglary in the second degree. During his trial to a jury defendant moved for a directed verdict of acquittal on the ground that the only evidence linking him to the burglary was uncorroborated testimony of a prosecution witness whom defendant contended was, as

a matter of law, an accomplice. The trial court denied the motion, submitting to the jury the question whether that witness was an accomplice and, if so, whether her testimony was adequately corroborated by other evidence.

After the jury returned a verdict of guilty on the burglary charge, the State moved to amend the trial information to allege that defendant was an habitual offender, punishable as such under Iowa Code section 902.8 (1983). Defendant vigorously resisted that motion, arguing that the amendment would violate two Iowa rules of criminal procedure: rule 6(5) providing that the trial information should contain reference to the alleged prior convictions; and rule 4(8)(a) requiring that amendments to a trial information be made "before or during the trial." The trial court nevertheless granted the State's motion to amend. Defendant was found to be an habitual offender and sentenced to a term of imprisonment not to exceed fifteen years.

## I. *Corroboration of Accomplice Testimony.*

Iowa Rule of Criminal Procedure 20(3) provides:

A conviction cannot be had upon the testimony of an accomplice or a solicited person, unless corroborated by other evidence which shall tend to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof.

Defendant contends that he was entitled to a directed verdict of acquittal on the burglary charge because the only evidence tending to link him to the break-in was the uncorroborated testimony of Kerry Arrieta, an accomplice. Defendant argues that the court should have instructed the jury that Arrieta was an accomplice, instead of leaving that question for jury determination. He also contends that there was insufficient corroboration of Arrieta's testimony.

■ A. Accomplice Status. Our court has defined an accomplice as follows:

An accomplice is a person who willfully unites in, or is in some way concerned in the commission of a crime. The general rule for determining whether a witness is an accomplice is if he could be charged with and convicted of the specific offense for which an accused is on trial.

But something more than mere knowledge that a crime is contemplated, or mere personal presence at the time and place where committed, must be shown in order to make one an accomplice. And it must be established by a preponderance of the evidence that a witness was in fact an accomplice.

*State v. Johnson*, 318 N.W.2d 417, 440 (Iowa), *cert. denied*, 459 U.S. 848, 103 S.Ct. 106, 74 L.Ed.2d 95 (1982) (quoting *State v. Jennings*, 195 N.W.2d 351, 356–57 (Iowa 1972)). The question of whether a particular witness is an accomplice is a question of law where the facts are not disputed or susceptible to different inferences; however, where the facts are susceptible to different inferences the question is one of fact for the jury. *State v. Doss*, 355 N.W.2d 847, 879 (Iowa 1984); *State v. Losee*, 354 N.W.2d 239, 242 (Iowa 1984); *State v. Sallis*, 238 N.W.2d 799, 802 (Iowa 1976).

■ Defendant has no quarrel with the definition of accomplice used in the trial court's instructions and also recognizes that he had the burden to establish by a preponderance of the evidence that Arrieta was an accomplice. *See State v. Jennings*, 195 N.W.2d at 357. He simply contends that Arrieta's testimony itself proved conclusively that she was an accomplice in the burglary. We disagree, finding in the record conflicting testimony on which the trial court properly submitted that question to the jury. Even though Arrieta admitted in her testimony that she had been asked to act as "lookout" for defendant and was with him near the scene of the burglary at the time the offense was committed, she denied that she took any part in the burgla-

ry and claimed that she attempted to dissuade defendant from entering the building. From the evidence on this question whether Arrieta was an accomplice, the jury could draw different inferences as to whether she was so concerned or united with defendant in the commission of the burglary as to be subject to conviction of that offense. The trial court did not err in refusing to instruct the jury that Arrieta was an accomplice as a matter of law.

■ B. *Corroboration.* Principles governing the sufficiency of evidence corroborating the testimony of an accomplice are summarized in *State v. Cuevas,* 281 N.W.2d 627, 629 (Iowa 1979) and *State v. Aldape,* 307 N.W.2d 32, 41 (Iowa 1981). Corroborating evidence serves a two-fold purpose: it tends to connect the accused with the crime charged, and it serves as a counterweight against the dubious credibility of an accomplice, whose motivation to testify is suspect because the person would have a natural self interest in focusing the blame on the defendants. *State v. Cuevas,* 281 N.W.2d at 629; *State v. Johnson,* 237 N.W.2d 819, 822 (Iowa 1976).

■ Corroborative evidence need not be strong as long as it can fairly be said that it tends to connect the accused with the commission of the crime and supports the credibility of the accomplice. *State v. Ware,* 338 N.W.2d 717, 718 (Iowa 1983); *State v. Vesey,* 241 N.W.2d 888, 890 (Iowa 1976).

■ Viewing the record here in the light most favorable to the verdict, we conclude there was sufficient evidence corroborating the testimony of Arrieta. Arrieta testified that defendant worked for the Happy Cab Company and that he was familiar with the Carrier Transicold Building. Other witnesses confirmed those facts, explaining further that Happy Cab did about twenty to twenty-five percent of the transportation work for Carrier and that cab drivers could view the workings of the cash register from Carrier's pickup window. Other corroborative evidence indicated that defendant had enough knowledge of Carrier's op-

eration to get into the cash register with a concealed key and without leaving any sign of damage.

■ We conclude that the trial court properly submitted to the jury both the question whether Arrieta was an accomplice and the question whether sufficient corroborative evidence supported her testimony, if the jury concluded from the evidence and the correct instructions on the law that she was an accomplice.

III. *Amendment to Information.*

■ After the jury had returned its verdict, but prior to sentencing, the State moved to amend the trial information to allege that defendant was an habitual offender and therefore punishable under the special sentencing provisions of Iowa Code section 902.8 (1983). That recidivist statute provides that a person incarcerated on a class "C" or "D" felony who has twice previously been convicted of felonies shall be confined for a minimum of three years. Defendant resisted the motion to amend, arguing that Iowa Rule of Criminal Procedure 6(5) required reference in the trial information itself to the prior convictions, while Iowa Rule of Criminal Procedure 4(8)(a) required that the amendment be requested "before or during the trial."

Iowa Rule 6(5) provides:

If the offense charged is one for which the defendant, if convicted, will be subject by reason of the Code, to an increased penalty because of prior convictions, the allegation of such convictions, if any, shall be contained in the indictment. A supplemental indictment shall be prepared for the purpose of trial of the facts of the current offense only, and shall satisfy all pertinent requirements of the Code, except that it shall make no mention, directly or indirectly, of the allegation of the prior convictions, and shall be the only indictment read or otherwise presented to the jury prior to conviction of the current offense.

The central purpose of rule 6(5) is to assure the defendant a fair trial on the primary charge, by requiring that the prosecution

file a supplemental trial information referring only to the current offense and not to the prior convictions. This protects the defendant from having the jury learn about the prior convictions when the trial information is referred to during trial of the primary charge offense, assuming those convictions are not otherwise admissible in evidence. *See State v. Blood,* 360 N.W.2d 820, 823 (Iowa 1985); *State v. Robinson,* 165 N.W.2d 802, 805 (Iowa 1969); *State v. Wessling,* 260 Iowa 1244, 1259–60, 150 N.W.2d 301, 310 (1967). That purpose of rule 6(5) was fully accomplished in this case, without the need for a supplemental trial information, because the prior convictions were not set forth in the trial information until the amendment which followed the return of a guilty verdict on the primary charge of burglary. The jury decided the burglary charge without being influenced by allegations of earlier convictions.

With that central purpose of rule 6(5) clearly served, the difficult question presented by this appeal is whether the court erred in allowing the State to amend so late in the case, a question directly implicating rule 4(8)(a) which governs amendments to trial informations.

■ Rule 4(8)(a) provides that amendments may be made "before or during the trial." We construe "during the trial" to include the time following rendition of a verdict but preceding the court's entry of a judgment and final sentence, when the amendment pertains only to issues of punishment which may be imposed upon conviction. A trial information, like an indictment, may be amended to correct errors or omissions of form or substance, so long as a two-pronged test is satisfied: (1) substantial rights of the defendant are not prejudiced thereby, and (2) a wholly new or different offense is not charged. *See State v. Williams,* 328 N.W.2d 504, 505 (Iowa 1983). We conclude that this test has been satisfied in this case.

■ No wholly new or different offense was charged. Iowa Code section 902.8 (1983), a recidivist law, does not define a

separate crime but merely constitutes a predicate for enhanced punishment. *See State v. Tobin,* 333 N.W.2d 842, 845 (Iowa 1983); *State v. Hanna,* 277 N.W.2d 605, 608 (Iowa 1979). Moreover, the second prong of the test for allowing amendments was satisfied here because the State demonstrated that the defendant suffered no harm. The trial court gave defendant adequate time to prepare for the hearing on the issue whether he was an habitual offender. Moreover, defendant has not argued that his rights were prejudiced in any way by the late amendment.

■ We disapprove the prosecution's dilatory filing of its request to amend the trial information to charge habitual offender status. Our rules of criminal procedure provide both the defendant and the prosecution clear procedural guidelines to follow. When the parties adhere to the rules they are more likely to achieve a fair and expeditious trial or other satisfactory disposition of criminal charges. When a party does not comply with the rules, the rights of the other party are likely to be jeopardized. Here, however, defendant claims no prejudice, and we are entirely satisfied that defendant was not harmed by the amendment which preceded trial of the habitual offender issue. *See State v. Zuch,* 267 N.W.2d 52, 55 (Iowa 1978) (allowing amendment at close of evidence to conform to proof; no prejudice); *State v. Houston,* 261 Iowa 1369, 158 N.W.2d 158, 162 (1968) (upholding amendment of trial information after conviction on primary charge).

Defendant is not entitled to a new trial or redetermination of his habitual offender status even though the trial court permitted the late amendment alleging that defendant was an habitual offender.

### III. *Sentencing.*

Defendant's final contention is that the trial court failed to exercise appropriate discretion in sentencing him to a fifteen year term of incarceration. Defendant points to the sentencing court's opening comment—"Mr. Berney, I have not much

option in this matter...."—as evidence that the court did not understand it had the discretion to place defendant on probation. The State relies on the colloquy that followed that comment, the sentencing court's explanation that it was imposing a sentence of incarceration because the presentence report showed that defendant had "a long record of failure to meet your responsibilities as far as the law is concerned."

When a sentence is not mandatory, a trial court must exercise discretion in determining what sentence to impose. *State v. Washington,* 356 N.W.2d 192, 197 (Iowa 1984); *State v. Hildebrand,* 280 N.W.2d 393, 396 (Iowa 1979). Defendant relies heavily on *State v. Washington,* where we remanded for resentencing because the court had erroneously believed that habitual offender status precluded imposition of a suspended sentence. 356 N.W.2d at 197. It was clear in *Washington* that the sentencing court believed it had no authority to suspend the sentence. The court there told the defendant, "I have no discretion in this particular case," and added, "[s]o suspended sentence and probation is not available, and so, therefore, it cannot and will not be granted."

Here, in contrast to the circumstances in *Washington,* the sentencing court made clear the reasons for not suspending the sentence: a long record of criminal violations; incarceration for previous crimes; and defendant's unwillingness to work despite training and occupational skills. The sentencing court's colloquy with defendant does not show that it believed it had no discretion; rather the record demonstrates that the court felt compelled to impose the sentence of incarceration because of the circumstances vividly disclosed in the presentence report.

The record in this case does not support defendant's contention that the sentencing court exercised no discretion or believed it had no discretion to suspend defendant's sentence.

The trial court committed no error. The conviction and sentence will stand.

AFFIRMED.