**STATE of Iowa, Appellee,**

v.

**Steven M. COOLEY, Appellant.**

**No. 90–1006.**

Supreme Court of Iowa.

June 19, 1991.

Linda Del Gallo, State Appellate Defender, and B. John Burns, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Thomas S. Tauber, Asst. Atty. Gen., William E. Davis, County Atty., and James Ottesen and Joe Grubisich, Asst. County Attys., for appellee.

Considered by HARRIS, P.J., SCHULTZ, CARTER, SNELL, and ANDREASEN, JJ.

PER CURIAM.

A jury found Steven Cooley guilty of forgery. The district court later convicted him for that crime and sentenced him as a habitual offender. The habitual offender adjudication was based on Cooley's convictions for burglary offenses in 1978 and 1986; both burglary convictions resulted from guilty pleas.

After his conviction was affirmed on appeal, Cooley filed a motion for correction of sentence. The district court denied this motion, and Cooley has appealed.

▪ Cooley challenges the habitual offender adjudication and the resultant enhanced sentencing. He contends the 1978 and 1986 guilty pleas were constitutionally invalid because the district court had not, in either case, held a proper colloquy as required by Iowa Rule of Criminal Procedure 8(2)(b). He argues that the current habitual offender adjudication cannot stand because it is based on prior convictions resulting from invalid guilty pleas.

Iowa Rule of Criminal Procedure 18(9) provides in relevant part as follows:

> After conviction of the primary or current offense, but prior to pronouncement of sentence, if the indictment or information alleges one or more prior convictions which by the Code subjects the offender to an increased sentence, the offender shall have the opportunity in open court to affirm or deny that he or she is identical with the person previously convicted, or that he or she was not represented by counsel and did not waive counsel. If the offender denies he or she is the person previously convicted, sentence shall be postponed for such time as to permit a trial before a jury on the issue of the offender's identity with the person previously convicted. Other objections shall be heard and determined by the court, and these other objections shall be asserted prior to trial of the substantive offense in the manner presented in R.Cr.P. 10.

The basis for Cooley's attack on his prior convictions does not involve either of the grounds specifically mentioned in rule 18(9). He makes no claim that he is not the same person convicted in the 1978 and 1986 proceedings. Moreover, the record shows that he was represented by counsel in both the 1978 proceeding and the 1986 proceeding.

■ Assuming without deciding that other grounds for collateral attack on the prior convictions were available to Cooley, rule 18(9) required him to raise "other objections" prior to trial of the substantive offense. It was not permissible to wait until after the underlying conviction had been affirmed on appeal before challenging the convictions relied on for sentencing enhancement.

The district court's ruling is affirmed.

AFFIRMED.