# IN THE SUPREME COURT OF IOWA

No. 09–0239

Filed March 11, 2011

**STATE OF IOWA,**

Appellee,

vs.

**DAVID EDWARD BRUCE,**

Appellant.

Appeal from the Iowa District Court for Black Hawk County, James C. Bauch (trial and posttrial motions to amend trial informations) and Thomas N. Bower (sentencing), Judges.

Defendant appeals from his sentence as a habitual offender asserting that the State's recidivist allegation was untimely. **SENTENCE VACATED AND CASE REMANDED.**

Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Darrel L. Mullins, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Brad P. Walz, Assistant County Attorney, for appellee.

**APPEL, Justice.**

This case presents one straightforward, procedural question: When does a trial end? Here, after the jury returned a verdict finding the defendant guilty, the State moved to amend the trial informations to include sentencing enhancements. The district court allowed the amendment and sentenced the defendant as a habitual offender. Finding the amendment untimely, we vacate the sentence and remand the case to the district court for resentencing.

## I. Factual and Procedural History.

The State, in two separate trial informations, charged the defendant, David Edward Bruce, with two counts of delivering methamphetamine to a minor and one count of sexual abuse in the third degree. *See* Iowa Code §§ 124.401D(2), 902.9(1), 709.1, 709.4 (2007). The charge of delivering methamphetamine to a minor is a "special B" felony offense, punishable by up to ninety-nine years in prison. *Id.* § 902.9(1). Sexual abuse in the third degree is punishable by up to ten years in prison. *Id.* § 902.9(4). Although the State was aware that Bruce had a criminal record that included prior felony drug and theft offenses, the State did not charge Bruce as a habitual offender in the original trial informations. If convicted on all charges, Bruce faced a maximum prison sentence of 208 years.

The case was submitted to the jury. The jury was instructed that delivery of methamphetamine was a lesser-included offense of the crime of delivery of methamphetamine to a minor. The jury convicted Bruce of two counts of the lesser-included offense of delivery of methamphetamine and one count of sexual abuse in the third degree. Based on the jury's verdict, the maximum sentence that Bruce could receive was thirty years, assuming the three sentences were to be served consecutively, and

a minimum sentence of 3.3 years, assuming all sentences were to be served concurrently. *See id.* §§ 124.401(1)(*c*), 124.413, 902.9(4).

Twelve days after the jury's verdict, the State moved to amend the trial informations to allege that Bruce had prior felony drug and theft convictions. Because of these prior convictions, the State sought to have Bruce sentenced as a habitual offender. If treated as a habitual offender, Bruce faced a maximum prison term of 105 years. *Id.* §§ 124.401(1)(*c*), 124.411, 709.4, 902.9(3)–(4).

Bruce resisted the amendments, contending that the motion to amend was untimely under Iowa Rule of Criminal Procedure 2.4(8)(*a*). While no record was made of the subsequent hearing, rule 2.4(8)(*a*) provides:

> *a. Generally.* The court may, on motion of the state, either before or during the trial, order the indictment amended so as to correct errors or omissions in matters of form or substance. Amendment is not allowed if substantial rights of the defendant are prejudiced by the amendment, or if a wholly new and different offense is charged.

Iowa R. Crim. P. 2.4(8)(*a*). The district court concluded that, under *State v. Berney*, 378 N.W.2d 915 (Iowa 1985), an amendment to enhance punishment based on the defendant's habitual offender status may be filed subsequent to the jury verdicts on the substantive charges but prior to judgment and sentence.

The district court sentenced Bruce as a habitual offender. The court sentenced Bruce to two concurrent forty-five-year terms for the drug offenses and a fifteen-year term, to be served consecutively to the sentence on the drug charges, for the sexual abuse offense. Because the court sentenced Bruce as a habitual offender, Bruce would serve a maximum of sixty years and a minimum of eighteen years in prison. *See* Iowa Code §§ 124.401(1)(*c*), 124.411, 124.413, 709.4, 902.8, 902.9(3).

Bruce appealed from his sentence, urging this court to overturn *Berney*. In the alternative, Bruce alleges that he was prejudiced by the late amendment to the indictment. Finally, Bruce asserts that his counsel was ineffective for failing to raise due process challenges to the late amendments under the United States and Iowa Constitutions.

## II. Standard of Review.

To the extent this case turns on the question of the proper interpretation of our rules of criminal procedure, review is for correction of errors at law. *State v. Taeger*, 781 N.W.2d 560, 564 (Iowa 2010).

## III. Discussion.

The critical issue in this case is the proper interpretation of the phrase "during the trial" in Iowa Rule of Criminal Procedure 2.4(8)(*a*). In approaching this question, we recognize that this issue was previously decided in *Berney*. The *Berney* court considered what it characterized as the "difficult" question of whether the phrase "during the trial" included proceedings that were conducted after a jury verdict but prior to sentencing and entry of judgment. 378 N.W.2d at 919. The court concluded that "during the trial" included these postverdict proceedings. *Id.* In reaching this decision, however, the court did not engage in an extended analysis of the language, applicable cases, or other provisions of the Iowa Rules of Criminal Procedure. *See id.*

While the phrase "during the trial" in rule 2.4(8)(*a*) was given an expansive interpretation in *Berney*, the court was clearly uncomfortable with the result. The *Berney* court stated:

> We disapprove the prosecution's dilatory filing of its request to amend the trial information to charge habitual offender status. Our rules of criminal procedure provide both the defendant and the prosecution clear procedural guidelines to follow. When the parties adhere to the rules they are more likely to achieve a fair and expeditious trial or

other satisfactory disposition of criminal charges. When a party does not comply with the rules, the rights of the other party are likely to be jeopardized. Here, however, defendant claims no prejudice, and we are entirely satisfied that defendant was not harmed by the amendment which preceded trial of the habitual offender issue.

*Id.*

The above language demonstrates tension in *Berney* between its ultimate holding and its observation that the rules provided "clear procedural guidelines" and that the failure to follow them would likely cause the rights of the other party to be prejudiced. *See id.* While the *Berney* court allowed the particular defendant's sentence to stand, the court admonished prosecutors to not file dilatory amendments in the future. *Id.*

We, of course, recognize that the principle of stare decisis demands that we respect prior precedent and that we do not overturn them merely because we might have come to a different conclusion. *See, e.g., McElroy v. State*, 703 N.W.2d 385, 394–95 (Iowa 2005). On the other hand, it is our obligation to revisit cases that were plainly wrongly decided. *See, e.g.*, *Miller v. Westfield Ins. Co.*, 606 N.W.2d 301, 306 (Iowa 2000). Upon our review, we conclude that *Berney* is unsound and should be overruled.

First, we believe the common understanding of the phrase "during the trial" does not include proceedings after a jury has returned a verdict. Absent a specific definition in the statute or rule, we believe the phrase "during the trial" means the period of time in which the trier of fact hears evidence and makes a decision based on that evidence. *See Weber v. Kessler,* 179 Cal. Rptr. 299, 301 (Ct. App. 1981). Under this definition, once the jury returns its verdict, the trial has concluded.

Second, the expansive approach of "during the trial" in *Berney* is inconsistent with authoritative case law interpreting the Double Jeopardy Clauses of the Iowa and United States Constitutions. These constitutional limitations prevent a defendant from being subject to multiple prosecutions for the same offense. U.S. Const. amend. V; Iowa Const. art. I, § 12. We have noted that jeopardy terminates when the jury reaches a verdict or, in cases tried to the court, when the trial judge enters a final judgment of acquittal. *State v. Kramer*, 760 N.W.2d 190, 194–95 (Iowa 2009); *see also United States v. Byrne*, 203 F.3d 671, 673 (9th Cir. 2000). By analogy, our approach to double jeopardy cases strongly suggests that the term "trial" ordinarily does not extend into proceedings after rendition of the verdict.

Third, the view that "trial" does not include events after verdict is reinforced by reference to other rules of criminal procedure. *See State v. Kamber*, 737 N.W.2d 297, 299–300 (Iowa 2007) (considering entire context of statute and related provisions in interpretation). Iowa Rule of Criminal Procedure 2.19 is entitled "Trial." Although the rule does not define "trial," rule 2.19(1)(*a*) states that after the jury is "impaneled and sworn," the "order of trial" must proceed according to certain rules. The rule regarding jury deliberations includes a reference to "final submission" of the case to the jury. Iowa R. Crim. P. 2.19(5)(*h*).

Iowa Rule of Criminal Procedure 2.24 further suggests that the term "trial" does not include proceedings after a jury verdict. For example, under rule 2.24(1), "motions after trial" include "motions for new trial." Rule 2.24(2)(*a*) further directs that motions after trial be filed no "later than 45 days after verdict of guilty or special verdict upon which a judgment of conviction may be rendered." Iowa R. Crim. P. 2.24(2)(*a*). Clearly, under rule 2.24, the period of time after a jury verdict

but prior to entry of judgment is considered to be "after trial." It is difficult to understand how "after trial" under rule 2.24 has the same meaning as "during the trial" under rule 2.4(8)(*a*).

Furthermore, the interplay between rules 2.19(9) and 2.4(8)(*a*) suggests that "trial," even in the habitual offender context, concludes when the jury renders its verdict on the substantive offense. Rule 2.19(9) states that certain objections to the State's habitual offender allegation may only be heard and determined by the court if they are "asserted prior to trial of the substantive offense in the manner presented in rule 2.11." Iowa R. Crim. P. 2.19(9). By filing a habitual offender amendment after the jury has rendered its verdict on the substantive offense, the State could effectively foreclose the defendant's opportunity to make these objections. *See* Iowa R. Crim. P. 2.4(8), 2.19(9); *see also State v. Spoonmore*, 323 N.W.2d 202, 203 (Iowa 1982). For example, the State, by filing its amendment after the trial on the substantive offense, could procedurally bar a defendant from challenging a habitual offender enhancement on the grounds that a predicate felony is based on an invalid guilty plea. *See* Iowa R. Crim. P. 2.19(9); *State v. Cooley*, 471 N.W.2d 786, 787 (Iowa 1991); *Spoonmore*, 323 N.W.2d at 203. This obvious problem militates heavily against the State's interpretation of rule 2.4(8)(*a*). *See State v. Gonzalez*, 718 N.W.2d 304, 308 (Iowa 2006) (stating that we strive for "a reasonable interpretation that best achieves the statute's purpose and avoids absurd results").

The State focuses its attention on the first part of rule 2.19(9) because it calls for a bifurcated trial process in certain circumstances. The rule states:

> After conviction of the primary or current offense, but prior to pronouncement of sentence, if the indictment or

> information alleges one or more prior convictions which by the Code subjects the offender to an increased sentence, the offender shall have the opportunity in open court to affirm or deny that the offender is the person previously convicted, or that the offender was not represented by counsel and did not waive counsel. *If the offender denies being the person previously convicted, sentence shall be postponed for such time as to permit a trial before a jury on the issue of the offender's identity with the person previously convicted.*

Iowa R. Crim. P. 2.19(9) (emphasis added). But bifurcation under rule 2.19(9) only occurs if the defendant is accused of being a habitual offender at the time of the trial on the substantive offense and "denies being the person previously convicted." *Id.*

Finally, we note the obvious discomfort of the *Berney* court. The court stated that the rules provided "clear procedural guidelines." *Berney*, 378 N.W.2d at 919. It also expressed concern that departure from them will create situations that will likely jeopardize the rights of litigants. *Id.* Yet the court upheld the State's "dilatory" filing. *Id.* The inconsistency of the admonition with the holding in *Berney* creates an unstable opinion that should be abandoned.

For the above reasons, we conclude that *Berney* should be overruled. We further conclude that "the trial" under rule 2.4(8)(*a*) means the substantive trial when the State seeks to enhance the defendant's sentence based on a prior conviction. As a result, the sentence in this proceeding was the result of an amendment filed after trial and must be vacated.

Because of our holding, we do not need to address Bruce's claims that he was substantially prejudiced by the late amendment or that the granting of the amendment violated his right to due process under the United States and Iowa Constitutions.

**IV. Conclusion.**

For all of the above reasons, the sentence imposed by the district court is vacated. The matter is remanded to the trial court for resentencing.

**SENTENCE VACATED AND CASE REMANDED.**