## IN THE COURT OF APPEALS OF IOWA

No. 20-0492
Filed June 16, 2021

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JOHN BERWANGER,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Dubuque County, Thomas A. Bitter,

Judge.

John Berwanger challenges his conviction of second-degree sexual abuse.

**AFFIRMED.**


Anne K. Wilson of Viner Law Firm, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney

General, for appellee.


Considered by May, P.J., and Greer and Schumacher, JJ.

**GREER, Judge.**

As a frequent visitor to his friends' home, John Berwanger crossed a line with the family's daughter, N.M.K.; she disclosed he engaged in sexual contact with her. A jury found Berwanger guilty of second-degree sexual abuse in violation of Iowa Code section 709.3(1)(b) (2018).[1] Berwanger appeals the conviction, citing several issues. First, he maintains there was insufficient evidence to support the conviction. Next, he raises errors in the submission of a jury instruction defining "sex acts." Berwanger also asserts the district court erred by allowing the State to amend the trial information after both parties rested. And as a final issue, he raises ineffective assistance of counsel. We affirm his conviction and preserve his ineffective-assistance-of-counsel claim.

**I. Factual Background and Prior Proceedings.**

After drinking heavily at his friends' home, Berwanger told them he was a "monster" for something he had done. Crying, Berwanger said N.W.K.'s father would "kill him if [he] found out what he did, and he did something he shouldn't have." Pressed for more information, Berwanger offered no other details. The friends chalked it up to the alcohol. After the friendship deteriorated for other reasons and Berwanger was told not to come around anymore, Berwanger messaged the ten-year-old N.M.K. on her tablet saying something to the effect of: "Sorry I'm going to miss another birthday. If you ever want to find me, you can find me at my mother's house when you're older." N.W.K.'s mother found this contact suspicious and asked her daughter if Berwanger ever did anything to her. The

---

[1] Berwanger was found not guilty of two other charged crimes: enticing a minor under thirteen and lascivious acts with a child.

child hung her head. Because they were very close, her grandmother intervened and asked N.W.K. if anything happened. The child answered yes and an investigation began. In an interview with child-protection professionals, N.W.K. disclosed that Berwanger touched her "private" and that it had occurred more than once. The child also described an instance where Berwanger attempted to make her touch his pants in the area of his penis but she pulled her hand away. She quoted Berwanger as telling her "don't tell anybody" and "if you were ten years older I would marry you."

After concluding the investigation, Berwanger was charged with second-degree sexual abuse, enticing a minor under thirteen, and lascivious acts with a child. A jury convicted Berwanger of second-degree sexual abuse, and he was acquitted on the other charges. His motion for a new trial was denied, and he appeals his conviction.

**II. Standard of Review and Error Preservation.**

We review challenges to the sufficiency of evidence for correction of errors at law. *State v. Alvarado*, 875 N.W.2d 713, 715 (Iowa 2016). "[W]e review the evidence in the light most favorable to the State to determine if, when considered as a whole, a reasonable person could find guilt beyond a reasonable doubt." *State v. Pearson*, 514 N.W.2d 452, 456 (Iowa 1994). We review the district court's denial of a motion for a new trial on weight-of-the-evidence grounds for an abuse of discretion. *See State v. Neiderbach*, 837 N.W.2d 180, 190 (Iowa 2013).

We review challenges to jury instructions to correct legal error. *State v. Becker*, 818 N.W.2d 135, 140 (Iowa 2012). The first part of Iowa Rule of Criminal Procedure 2.4(8)(a), allowing amendments to the trial information at trial, is

discretionary. *See State v. Maghee*, 573 N.W.2d 1, 4 (Iowa 1997). An abuse of discretion occurs when the trial court exercises its discretion "on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Id.* Whether the amendment prejudices the defendant's substantial rights or charges a wholly new and different offense is reviewed for errors at law. *See State v. Bruce*, 795 N.W.2d 1, 2 (Iowa 2011). Claims related to ineffective assistance of counsel are reviewed de novo. *See Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001).

The State concedes error was preserved on Berwanger's claims about the "sex act" jury instruction, the amendment to the trial information, and ineffective assistance of counsel. Ineffective-assistance-of-counsel claims are not bound by traditional error-preservation rules. *See State v. Lucas*, 323 N.W.2d 228, 232 (Iowa 1982) (stating the claim of ineffective assistance of counsel is an exception to the general rule of error preservation). However, the State argues Berwanger did not preserve error on his sufficiency-of-the-evidence claims. The State points to the record made relating to the evidence presented, arguing Berwanger's generic arguments when he moved for judgment of acquittal on the second-degree sexual-abuse charge do not preserve the more specific arguments he now postures. *See State v. Crone*, 545 N.W.2d 267, 270 (Iowa 1996) ("The record reveals [the defendant's] attorney did not mention the 'threat' or 'anything of value' elements of the extortion charge in his motion. Accordingly, [defendant's] motion for judgment of acquittal did not preserve the specific arguments he is now making for the first time on appeal."). We start with the sufficiency of the evidence inquiry.

**III. Analysis.**

**A. Sufficiency of the Evidence.**

We first ask if Berwanger preserved error on his sufficiency-of-the-evidence claim. Except for his general allegation that the State presented insufficient evidence, Berwanger failed to raise the arguments below that he now presents to us. "To preserve error on a claim of insufficient evidence for appellate review in a criminal case, the defendant must make a motion for judgment of acquittal at trial that identifies the specific grounds raised on appeal." *State v. Truesdell*, 679 N.W.2d 611, 615 (Iowa 2004).

At trial, Berwanger moved for judgment on acquittal by arguing:

> The only evidence presented whatsoever is that [the mother] asked [N.M.K.], "Did John do something to you?" [N.M.K.] responded, "No." The mother looked at her, then [N.M.K.] said, "Yes." There's been no evidence regarding when this happened. The only details are basically that [a younger sibling] was present. Whether that was— there's been conflicting evidence whether that was on the couch or where exactly. [N.M.K.] said she cannot provide any further details, any further specific circumstances. Everything else presented by the State is essentially [N.M.K.] made this complaint and then looking back on it after the fact in retrospect, there's a couple things that we thought were odd, so I don't believe a reasonable jury has sufficient evidence to find Mr. Berwanger guilty of either of those counts.

His trial arguments focused on witness credibility. Now on appeal, Berwanger draws our attention to the following: (1) there were no witnesses to the acts; (2) N.M.K. could not articulate a date when the acts occurred and was inconsistent when describing the timeframe, her clothing, and if more than one act occurred; (3) N.M.K.'s description of the acts did not meet the definition of a "sex act"; and (4) Berwanger's conduct was inconsistent with the criminal act. He also adds his defense would be bolstered if he could have introduced evidence that N.M.K.'s

mother also claimed to be a victim of sexual abuse when she was a child.[2]  But as a general rule, we do not address issues presented on appeal for the first time. *See Goode v. State*, 920 N.W.2d 520, 526 (Iowa 2018).  So we review Berwanger's claims under his developed credibility of the witness objections.

On that subject, Berwanger urges the evidence was insufficient to convict him of second-degree sexual abuse.[3]  "In reviewing challenges to the sufficiency of evidence supporting a guilty verdict, courts consider all of the record evidence viewed in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence."  *State v. Reed*, 875 N.W.2d 693, 704 (Iowa 2016) (citation omitted).  "A jury verdict finding of guilt will not be disturbed if there is substantial evidence to support the finding."  *State v. Robinson*, 859 N.W.2d 464, 467 (Iowa 2015).  Evidence is substantial if it would "convince a rational trier of fact that the defendant is guilty beyond a reasonable doubt."  *Id.* (citation omitted).

Under Iowa Code section 709.3(1), a jury could find Berwanger guilty of second-degree sexual abuse if the State proves these elements:

> 1. A person commits sexual abuse in the second degree when the person commits sexual abuse under any of the following circumstances:
> a. During the commission of sexual abuse the person displays in a threatening manner a dangerous weapon, or uses or threatens

---

[2] This argument is not developed in Berwanger's brief, so we do not consider it on appeal.  We do not consider conclusory statements unsupported by legal argument.  *See, e.g.*, *Baker v. City of Iowa City*, 750 N.W.2d 93, 103 (Iowa 2008) (holding a party waived its "conclusory contention" by failing to support it with an argument and legal authorities).

[3] Likewise, Berwanger makes a passive argument about his motion for new trial and the verdict being contrary to the weight of the evidence.  But this argument too was not developed on appeal, so we do not consider it.

to use force creating a substantial risk of death or serious injury to any person.
      b. The other person is under the age of twelve.
      c. The person is aided or abetted by one or more persons and the sex act is committed by force or against the will of the other person against whom the sex act is committed.

The evidence must be sufficient to convince a rational fact finder that the defendant is guilty beyond a reasonable doubt. *Shanahan*, 712 N.W.2d at 134. A fair inference of guilt is necessary, not merely suspicion, speculation, or conjecture. *State v. Geier*, 484 N.W.2d 167, 171 (Iowa 1992). "In our system of justice, it is the jury's function to determine the credibility of a witness." *State v. Dudley*, 856 N.W.2d 668, 677 (Iowa 2014). So in viewing the evidence in the light most favorable to the verdict, including all reasonable inferences deduced from the trial record, we think a jury could find the witnesses were credible and the evidence was sufficient to support the conviction. *See State v. Truesdell*, 679 N.W.2d 611, 615 (Iowa 2004). While the child could not detail the exact dates or the exact clothing worn, the trial evidence included an interview conducted shortly after learning of the abuse. With care, the child protection professional drew information from the child, in the child's own words, that met the definition of a "sex act" and the elements of the offense. The jury assessed the credibility of all witnesses, including Berwanger, who testified. We find Berwanger's attacks on the sufficiency of the evidence are unwarranted.

**B. Errors Involving Jury Instructions.**

Under the category of errors with the jury instructions, Berwanger makes two arguments. First, he faults the district court for instructing on all definitions of a "sex act," even those not supported by the record. Second, he asserts the district

court erred when the State was allowed to amend the trial information and expand the dates for commission of the offenses after all parties rested.

    1.  Error in the Submission of Sex Act Instruction.

Berwanger structures an argument that reading the full definitional instruction of a "sex act" inflamed the jury. The instruction read:

> As used in these instructions, "sex act" means any sexual contact between two or more persons by any of the following:
> 1. By penetration of the penis into the vagina or anus.
> 2. Contact between the mouth and genitalia or by contact between the genitalia of one person and the genitalia or anus of another person.
> 3. Contact between the finger or hand of one person and the genitalia or anus of another person. Skin-to-skin contact is not required. Prohibited contact occurs when the specified body parts touch, and any intervening material would not prevent the participants from perceiving that they have touched.
> 5. Ejaculation onto the person of another.
> 6. By use of artificial sexual organs or substitutes therefor in contact with the genitalia or anus.
> You may consider the type of contact and the circumstances surrounding it in deciding whether the contact was sexual in nature.

Berwanger posits that the definition of "sex act" in the jury instruction was too broad and should have been limited to the portion that fit his alleged actions. Berwanger preserved error by objecting and the district court candidly reasoned:

> I don't disagree with you, and I do think you're correct factually, and I would prefer not to have to read some of those elements because they're kind of graphic. But it is the stock instruction, and I do think that the jury should be informed about everything that qualifies as a sex act just so they don't think that somehow the touching one was picked out of thin air and is the only thing that constitutes a sex act. So I'm going to leave [instruction] 16 according to the stock instruction.

Instructions can become the law of the case and so once the facts are presented, it behooves the district court and the parties to craft instructions with legal concepts that relate to the proven record. *See State v. Schiebout*, 944 N.W.2d 666, 671

(Iowa 2020) ("Jury instructions, when not objected to, become the law of the case for purposes of appellate review for sufficiency-of-evidence claims.").

The State argues that the instruction was definitional only, a correct statement of the law, and not a marshalling instruction.[4]  Hence, no legal error occurred.  See *Ayabarreno v. State*, No. 18-1973, 2020 WL 375939, at *2–3 (Iowa Ct. App. Jan. 23, 2020) (finding that an instruction offering definitions of what constituted a dangerous weapon, even where there was insufficient evidence to support both alternatives, does not result in a flawed verdict because it was not a marshalling instruction that contained several alternative ways the crime could have been committed).  We agree.  Here the definitional instruction provided context to the jury about what constituted a "sex act."  We note the prosecutor focused the argument on the alternative supported by the evidence.

Admittedly, there was no evidence supporting the other definitions in the sex-act instruction, but we give the jury some credit for understanding how the facts apply to the law.  And the actual marshalling instruction did not contain reference to any specific component of the definition.  *See State v. Hanes*, 790 N.W.2d 545, 559 (Iowa 2010) ("We review jury instructions as a whole to determine whether the jury instructions correctly state the law.").  Thus, the jury was not

---

[4] In any event, because judgment was entered against Berwanger in March 2020, Iowa Code section 814.28, effective July 1, 2019, applies:

> When the prosecution relies on multiple or alternative theories to prove the commission of a public offense, a jury may return a general verdict.  If the jury returns a general verdict, an appellate court shall not set aside or reverse such a verdict on the basis of a defective or insufficient theory if one or more of the theories presented and described in the complaint, information, indictment, or jury instruction is sufficient to sustain the verdict on at least one count.

instructed on any misstatement of the law. We find no error in instructing on the full definition of "sex act."

    2.. Amending the Trial Information.

    After both parties rested their cases, the State moved to amend the trial information to conform to the evidence at trial. Rather than noting the crime occurred between May 1, 2017 and May 24, 2018, the State asked to amend the beginning date to May 1, 2016. Berwanger objected that the request came after the trial ended. "[T]he phrase 'during the trial' means the period of time in which the trier of fact hears evidence and makes a decision based on that evidence." *State v. Brothern*, 832 N.W.2d 187, 192 (Iowa 2013) (citation omitted) (finding "amendment after the close of evidence but before the case went to the jury in the main case" fell within the "before or during trial" parameters).

    The parameters for amending the trial information during trial are outlined in Iowa Rule of Criminal Procedure 2.4(8)(a):

> The court may, on motion of the state, either before or during the trial, order the indictment amended so as to correct errors or omissions in matters of form or substance. Amendment is not allowed if substantial rights of the defendant are prejudiced by the amendment, or if a wholly new and different offense is charged.

Berwanger concedes his claim boils down to whether his substantial rights were prejudiced by the amendment. "An amendment prejudices the substantial rights of the defendant if it creates such surprise that the defendant would have to change trial strategy to meet the charge in the amended information." *Maghee*, 573 N.W.2d at 6. To show prejudice, Berwanger contends he might have changed trial strategies or offered other evidence had he known the alleged dates for the crime. He provided no example of how he was prejudiced to the district court. And he

offers no examples of how his case presentation would be different or what evidence or witness he would have called to allow us to evaluate the prejudice to him. His strategy was to deny the crime; we do not see that defense changing because of a change in date. *See State v. Harrington*, No. 03-0915, 2005 WL 723891, at *4 (Iowa Ct. App. Mar. 31, 2005) (noting where trial strategy throughout had been not guilty, defendant failed to show prejudice by allowing amendment related to the same offense). Thus, we find no prejudice to Berwanger in granting the State's motion to amend the trial information.

### C. Ineffective Assistance of Counsel.

Berwangwer raises three issues[5] involving his trial counsel's performance that he believes resulted in ineffective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, the applicant must demonstrate both deficient performance and prejudice. *See Ledezma*, 626 N.W.2d at 142. But our legislature spoke, and we now cannot decide ineffective assistance of counsel claims on direct appeal unless "the appeal was already pending on July 1, 2019, when Senate File 589 eliminating the ability to pursue ineffective-assistance claims on direct appeal, took effect." *State v. Ross*, 941 N.W.2d 341, 345 (Iowa 2020); *see also* Iowa Code § 814.7 (Supp. 2019).[6]

---

[5] The issues are: (1) his counsel failed to obtain an expert witness to dispute the CPC questioning techniques; (2) counsel's cross-examination of the child was too weak; and (3) his counsel should have objected to leading questions of the witness. All of these complaints relate to trial counsel's strategy.

[6] Iowa Code section 814.7 provides:

> An ineffective assistance of counsel claim in a criminal case shall be determined by filing an application for postconviction relief pursuant to chapter 822. The claim need not be raised on direct appeal from the criminal proceedings in order to preserve the claim for

Even if we could, the allegations of ineffective assistance of counsel relate to trial counsel's strategy and we cannot evaluate that performance on this record. We preserve these claims for a PCR proceeding. *See State v. Zacarias*, 958 N.W.2d 573, 588 (Iowa 2021) (preserving defendant's ineffective-assistance-of-counsel claims for a PCR proceeding to allow an adequate record to be made and allow the attorney the opportunity to respond to the claims).

## IV. Conclusion.

As to the claims Berwanger preserved for appeal, the evidence was sufficient for a jury to have convicted him. We hold it was not error for the district court to instruct the jury on the full definition of a "sex act." Likewise, we find the amendment to the trial information did not prejudice Berwanger. And we cannot address the ineffective-assistance-of-counsel claims on direct appeal.

**AFFIRMED.**

---

postconviction relief purposes, and *the claim shall not be decided on direct appeal from the criminal proceedings*.
(Emphasis added.)